**STATE of Iowa, Appellee,**

v.

**Roger Benjamin DODSON, Appellant.**

**No. 54817.**

Supreme Court of Iowa.

March 16, 1972.

Rehearing Denied May 8, 1972.

Roger W. Sunleaf, of McNeil, Bonham & Sunleaf, Montezuma, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Michael J. Laughlin, and Larry Seuferer, Asst. Attys. Gen., and Richard J. Vogel, County Atty., for appellee.

RAWLINGS, Justice.

Defendant, Roger Benjamin (Ben) Dodson, was charged with unlawful possession of drugs (LSD). His pretrial suppression motion and objections to introduction in evidence of material seized under search warrant were all overruled. Trial jury returned a guilty verdict. Motions in arrest of judgment and for new trial were overruled. From sentence entered Dodson appeals. We affirm.

November 27, 1970, an unidentified informant told Grinnell Police Chief C. W. Peters that Dodson possessed LSD (D-lysergic Acid Diethylamide). The same day, while Peters was in process of securing a warrant for search of Dodson's person and residence, Dodson, of his own volition, entered the police station to visit Gerald Baustian, Jr., there incarcerated.

Upon issuance of the warrant Peters searched Dodson. Nothing was found. Peters then informed Dodson regarding issuance of warrant for search of his residence and asked if he wanted to go along. Dodson acquiesced.

Peters and Police Sergeant Donald C. Ellis, accompanied by Dodson, then went to the latter's home. There the warrant was presented to Homer Dodson, defendant's father, who showed them to his son's room. Upon entering Peters there saw a suitcase in plain sight near the bed. When queried as to what was in the locked suitcase Dodson replied, "Nothing, I don't have the keys to it." Peters and Ellis continued the search, mentioning several times Dodson had better get the keys. After approximately twenty minutes Dodson asked Peters, "You people want to get serious now?" To this Peters replied affirmatively. They then discussed Dodson's personal problems. In course of this conversation Dodson made inquiry and was advised as to the penalty for possession of drugs. He then took a key from his pocket, opened the suitcase, and handed Peters two sheets of paper which appeared to have tabs of LSD on them. Dodson was immediately arrested and given a Miranda warning. Subsequent laboratory examination confirmed presence of the drug.

January 11, 1970, Dodson was charged by information with the instant offense. By pretrial motion to suppress he sought to exclude from evidence the material discovered in the search of his residence. As aforesaid, this motion and his timely trial objections to evidential use of the drug were in each instance overruled. The search seized LSD and testimony regarding attendant circumstances were accordingly introduced in evidence, and a guilty verdict returned by jury.

The fundamental issue to be resolved is whether trial court erred in so permitting introduction of the search seized LSD.

■ I. By his first assignment of error Dodson contends the controverted evidence was discovered in course of a constitutionally impermissible search. This position is foundationed upon claimed absence of adequate probable cause for issuance of the warrant. In support thereof Dodson argues a finding of probable cause cannot be premised upon hearsay statements of an unidentified informant.

In light of relatively recent United States Supreme Court pronouncements in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, we find the foregoing contention untenable. There the court held, in substance, a search warrant may issue upon hearsay supplied by an unidentified informant provided there is a substantial basis properly shown for crediting the hearsay, such as personal observations by informant and personal knowledge of affiant as to prior events. See also State v. Salazar, 174 N.W.2d 453, 456–457 (Iowa); State v. Spier, 173 N.W.2d

854, 859 (Iowa); State v. Lampson, 260 Iowa 806, 810–815, 149 N.W.2d 116.

■ II. Next to be determined is whether the instantly involved search warrant application contained a factual foundation sufficient to permit independent evaluation by the issuing magistrate of the underlying facts and circumstances from which affiant concluded his informant was reliable.

The warrant was issued by Justice of the Peace Edwin Lincoln, upon application made by Peters. His verified supportive affidavit stated, in substance: Peters had received information November 27, 1970, from a reliable informant who had given truthful information in the past. Informant stated Gerald Baustian, Jr. had stolen a shotgun from a pickup truck in Grinnell, Iowa, and sold it in Phoenix, Arizona. A check with the Phoenix Police verified Baustian's sale of a gun in Phoenix which exactly matched one previously reported so stolen from a Grinnell resident, Clark Weaver. Informant further stated he had given Baustian and Dodson a ride from Phoenix to Grinnell. During this trip Dodson and Baustian told informant they had purchased several hundred tabs of LSD. Peters was also advised by informant that Baustian and Dodson presently had LSD in their possession and he could obtain some from Baustian. Peters, after searching informant and finding no LSD on his person, sent him to Baustian's residence to procure LSD. Informant was observed entering the Baustian residence, and upon leaving produced four tabs of LSD. Baustian was arrested and found to possess LSD. The affidavit then concluded, "Based on the information of my informant, it is believed that LSD is now located at the residence of Gerald Baustian, Jr. and on the person or residence of Ben Dodson." This sufficed.

■ III. In a second assignment of error defendant contends the search seized LSD was discovered as the result of custodial interrogation absent Miranda warnings and is therefore inadmissible. Stated otherwise, he contends his voluntary presence during execution of the search warrant constituted custody which, absent Miranda warnings, vitiated any attendant statements or admissions made by him.

■ It is, of course, understood inculpatory and exculpatory statements obtained as the result of custodial interrogation absent Miranda warnings, are inadmissible as substantive prosecutory evidence if timely and appropriately challenged. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3d 974. See also Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1.

■ On the other hand, as stated in Miranda, *supra,* 384 U.S. at 478, 86 S.Ct. at 1630: "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." But that is not instantly determinative.

The officers were here lawfully acting within the scope of the search warrant and pursuant thereto were clothed with authority to forcibly open and effect a search of the suitcase had such been necessary. But this was obviated when Dodson, of his own volition, produced the key, opened the suitcase and handed the warrant designated LSD to officer Peters. Thus there was here no tainted elicitation of incriminatory statements or conduct in connection with the exercise of the warrant based search.

Under these circumstances we find no merit in the assignment of error last above set forth.

Our review discloses no basis upon which to hold trial court erred in admitting the search seized drug.

Affirmed.

All Justices concur.