**STATE of Iowa, Appellee,**

v.

**Kevin Joseph LYNCH, Appellant.**

No. 54443.

Supreme Court of Iowa.

April 13, 1972.

Rehearing Denied May 8, 1972.

R. Fred Dumbaugh and Guy P. Booth, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Allen J. Lukehart, Asst. Atty. Gen., William Faches, County Atty., for appellee.

LeGRAND, Justice.

Defendant was convicted of violating chapter 204 of the Uniform Narcotic Drug Act, The Code, 1966 (since repealed and replaced by the Uniform Controlled Substances Act, chapter 148 and amended by chapter 149, Acts of the Sixty-fourth G.A., First Session). He appeals from the judgment sentencing him to serve a term of two years in the men's reformatory and to pay a fine of $500.00. We affirm the trial court.

We refer to the facts as they become important in our consideration of the various issues relied upon for reversal. These issues are: (1) the conviction must be set aside because defendant had not entered a plea to the charge of which he was accused; (2) there was prejudicial error in defining the crime of which defendant was convicted; (3) there was prejudicial error in the admission of testimony offered by a state narcotics agent; (4) section 204.18, The Code, 1966, is unconstitutional because it imposed upon defendant the burden of proving one of the elements of the charge against him; and (5) no probable cause existed for the issuance of the search warrant under which certain contraband drugs were seized and this evidence should have been suppressed.

I. We consider first defendant's claim of prejudice because he was tried without first having entered a plea to the charge against him. As pointed out in State v. Dorr, 184 N.W.2d 673 (Iowa 1971), our law recognizes only three pleas in criminal cases—guilty, not guilty, or former judg-

ment of conviction or acquittal of the defendant. Section 777.11, The Code.

We assume defendant did not desire to enter a guilty plea; nor does he contend the plea of former conviction or acquittal was available to him. This then leaves open to him only a plea of not guilty.

■ Defendant was not prejudiced by the inadvertent omission of recording a formal not guilty plea. He stood trial without objection and his position was precisely the same as if such a plea had been entered. The jury, in fact, was told that the defendant had entered a not guilty plea.

The contention urged by defendant here has been unsuccessfully made on a number of prior occasions. What we said in State v. Girdler, 251 Iowa 868, 870, 102 N.W.2d 877, 878 (1960) is decisive here. There is no reversible error in this assignment.

II. Defendant also asserts he should have a new trial because the crime of which he was convicted was improperly defined in the court's instructions. Conceding the procedure followed is not one to be recommended, we reach the conclusion defendant is not entitled to the relief demanded.

Defendant was convicted of the illegal possession of marijuana. Section 204.20(5), The Code, 1966, prescribes the punishment for this offense depending upon the circumstances of the possession. This section provides in pertinent part as follows:

"Any person violating this chapter by possessing, purchasing, or attempting to purchase marijuana in such quantity that it can logically be inferred that such marijuana is intended for personal use only and is not held for sale to others, and such marijuana is not part of any narcotic drug, shall be guilty of possession of marijuana for personal use and shall * * * be imprisoned in the county jail not to exceed six months or be fined not to exceed one thousand

dollars, or both. * * * Any person violating this chapter by possession, purchasing, or attempting to purchase marijuana in such quantity that it can logically be inferred that such marijuana is intended for sale shall be guilty of possession of marijuana held for sale and shall be punished as provided in subsection one (1) of this section [which provides for imprisonment of not less than two or more than five years and for a fine of not more than $2000.] Possession of marijuana for personal use shall be a lesser included offense of possession of marijuana held for sale. * * * *"

Defendant argues the instructions submitted an improper definition of the crime and permitted his conviction for conduct which the statute does not prohibit. To put this issue in proper perspective we set out in detail the instructions dealing with this assignment.

In its statement of the issues the trial court said defendant was accused of possessing marijuana "in such quantity that it can be logically inferred that such marijuana was not intended for personal use only." No mention was there made about selling the drug to others.

Instruction 6 contained the following:

"The information herein charges possession of narcotic drugs and included in this charge are the following offenses: Possession of marijuana for sale. Possession of marijuana for personal use."

The elements which the State was required to prove beyond a reasonable doubt to secure a conviction were set out in Instruction 8 as follows:

"In order to convict the defendant in this case the State must establish beyond a reasonable doubt each of the following propositions, to wit:

"1.   That the substance marked State's Exhibit 5 in this record is marijuana.

"2.   That the defendant did on or about December 22, 1968 in Linn County,

Iowa, have said exhibit in his possession or under his control as defined in these instructions.

"3. At said time and place defendant knew of the presence of said exhibit and knew that it was marijuana.

"If you find the State has proven all of the foregoing propositions beyond a reasonable doubt, then you must further determine whether said possession by the defendant was or was not for purposes of personal use only, as hereinafter defined.

"If you find the State has failed to prove any of the foregoing propositions beyond a reasonable doubt then it is your duty to find the defendant not guilty, and return your verdict on Verdict Form No. 3.

"If you find that the State has established beyond a reasonable doubt that the amount of marijuana in said State's Exhibit in this record is in such quantity that it can be logically inferred that such marijuana was not intended for personal use only but was held for sale to others then it is your duty to find the defendant guilty of possession of marijuana not for personal use and return your verdict on Verdict Form No. 1.

"If you find that the amount of marijuana in said State's Exhibit in this record is in such quantity that it can be logically inferred that such marijuana was intended for personal use only and not for sale, then it is your duty to find the defendant guilty of possession of marijuana for personal use and return your verdict on Verdict Form No. 2."

The jury found defendant guilty of the greater offense and returned its verdict on Form No. 1 which is here set out in full:

"VERDICT FORM NO. 1

"We, the jury find the defendant, Kevin Joseph Lynch, guilty of possession of marijuana not for personal use.

/s/ Kenneth L. Goodwin, Foreman
10–22–69."

Defendant's argument may be paraphrased in this manner. He says that under the instructions and the forms of jury verdict submitted he was convicted of a crime for which there is no statutory basis. Sections 204.2 and 204.20(5) define the criminal possession of marijuana in two ways—possession for personal use or possession for sale. He insists that the instructions here permitted his conviction if the jury found simply that the marijuana was not for his personal use, even though it may not have been held for sale to others. This, he says, eliminated the essential element of the greater crime, which is the intent to sell to others, not simply that one has more of the substance than he himself may use.

■ There is considerable merit in this argument and if the instructions were fairly open to the criticism that the jury could have been confused or uncertain about the elements of the crime, defendant would be entitled to a new trial. In considering this objection of course the instructions must be read together and not considered piecemeal. State v. Morelock, 164 N.W.2d 819, 822 (Iowa 1969) and citations. In both Instruction 6 and Instruction 8 possession for sale was specifically made an element of the matters submitted to the jury. Instruction 8, which is the instruction submitting the elements to be proven, clearly and unequivocally required the jury to find possession was for sale to others before a conviction could be returned on the more serious charge. When explaining the necessity for such a finding, the court specifically referred to Verdict Form No. 1 as the form upon which such a finding should be recorded. While it is true this form of verdict did not include a reference to possession for sale to others, and while we agree it would have been better had it done so, there can be no doubt about the clear meaning and intent of the instructions when Instruction 6 and Instruc-

tion 8 are related to the form of verdict returned by the jury.

■ We do not approve the form of jury verdict used under these circumstances, nor do we feel that the statement of issues was as clear to the jury as it might have been, but we should not reverse for such errors unless there is reasonable basis for finding that the jury was confused or that the instructions, when viewed as a whole, were so contradictory that the jury may have followed a wrong one instead of a proper one.

■ We have carefully reviewed all the instructions and we can find no reversible error in the instructions as submitted. We therefore hold against defendant on this assignment of error.

III. Defendant next complains there was error in the admission of the testimony of the state narcotics agent. The principal objection raised was that the evidence was beyond the scope of the minutes of testimony attached to the information. Later an additional objection was added to part of the testimony on the ground that it was not relevant or material.

■ Assuming the latter objection was sufficiently specific to raise the issue, we believe the trial court was correct in receiving it as relevant on the issue of defendant's intent to sell the marijuana in his possession. The testimony objected to was based on the agent's experience in narcotics investigations and described in some detail the manner in which marijuana is measured out and packaged for resale purposes. From this description the jury could properly find the marijuana in defendant's possession was intended for sale.

■ On the original objection that the testimony went beyond the minutes attached to the information, we believe our prior decisions on this subject justified its admission. See State v. Miller, 259 Iowa 188, 196, 142 N.W.2d 394, 399 (1966) and citations.

IV. One of defendant's principal assertions is that section 204.18, The Code, 1966, is unconstitutional because it required him to prove he did not come within one of the exceptions of the statute under which possession of narcotic drugs was not illegal.

Section 204.2 prohibits all possession of narcotic drugs "except as authorized in this chapter." Various sections of chapter 204 provide circumstances under which possession of narcotics is permissible. Then section 204.18 establishes the following rule on burden of proof:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this chapter, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

It is the constitutionality of this section which is attacked by defendant, who argues the State should have been compelled to establish beyond a reasonable doubt that defendant *did not* come within any of the exceptions instead of casting on him the burden to show he *did*.

■■ We hold it was clearly the duty of defendant to prove he was excused from complying with the prohibition of the statute. If an exception is material in arriving at the definition of the crime, it is generally held the State has the burden of showing the exception does not apply because it is then one of the essential elements of the offense. However, where the exception merely furnishes an excuse for what would otherwise be criminal conduct, the duty devolves upon the defendant to bring himself within the exculpatory provision. State v. Snyder, 244 Iowa 1244, 1249, 59 N.W.2d 223, 226 (1953); State v. DeMarce, 237 Iowa 648, 649–654, 23 N.W.2d 441, 442–444 (1946); 1 Underhill on Criminal Evidence, Fifth Ed., sections 52, 53, pages 88–90; 22A, C.J.S., Criminal Law, section 571, page 315; Stanley v.

State (Ind.1969), 245 N.E.2d 149, 151; State v. Kahler (Fla.1970), 232 S.2d 166, 168; State v. Belanger (1961), 148 Conn. 57, 167 A.2d 245, 248; State v. Rowe (Maine 1968), 238 A.2d 217, 221; State v. Seng, 91 N.J.Super. 50, 219 A.2d 185, 186 (1966). See also Annotation at 153 A.L.R. 1249.

V. This brings us to defendant's last and most serious assignment of error in which he alleges the search warrant under which the contraband drugs were seized was issued without probable cause. His motion to suppress the evidence on that ground was overruled. His later objections to the introduction of the seized evidence met the same fate. He urges this as a ground for reversing his conviction.

We relate the background facts leading up to the issuance of the search warrant.

On December 20, 1968, a search warrant issued upon the order of the Honorable William R. Eads, Judge of the Linn County District Court, who found probable cause had been shown for the immediate search of a man's suitcase for "narcotic drugs, marijuana and prescription drugs." The order was based entirely upon the facts shown in a sworn information filed by Calvin Trousdale, a Cedar Rapids police officer, and George H. Mayer, a State Narcotics Agent, who stated under oath substantially as follows: That they had made a complete investigation into defendant's activities and knew all of the facts in the police file; that they were aware of defendant's suspicious actions during the previous two weeks; that they had reliable information from a reliable informant who is a credible resident of the state of Iowa that defendant has been selling narcotic drugs and marijuana, and that defendant left several days previous to the date of the application for California to pick up a load of drugs; that during a flight into Cedar Rapids defendant had offered to obtain drugs for the airline stewardess; that defendant was arrested on or about June 5, 1968, in California on

a narcotics charge; that an official from United Air Lines informed affiants that defendant had offered to obtain narcotics for the stewardess on his flight on December 19, 1968.

These were all the facts before Judge Eads at the time the search warrant issued. We have reviewed the necessity for showing probable cause before a search warrant may issue in a number of recent cases. State v. Spier, 173 N.W.2d 854 (Iowa 1970); State v. Salazar, 174 N.W.2d 453 (Iowa 1970); State v. Jensen, 189 N.W.2d 919 (Iowa 1971) and State v. McReynolds, opinion filed March 16, 195 N.W.2d 102, 1972.

Those cases contain our latest pronouncements on the circumstances under which probable cause may be said to exist for the issuance of a search warrant, both under Amendment 4 of the United States Constitution and under section 8, Article I of our own. It is unnecessary to repeat here what was said there.

The standards established may be summarized as follows:

■ 1. Search warrants may issue only on a showing of probable cause under oath or affirmation.

■ 2. In passing on the validity of a search warrant, a reviewing court may consider only information brought to the attention of the issuing officer.

■ 3. The issuing officer must make his own independent determination of probable cause on the basis of facts related to him and may not rely on mere conclusions recited by the applicant.

Despite our repeated announcements that a search warrant may be issued only upon probable cause and only when the issuing officer has sufficient facts before him to make his own determination that it exists, those applying for search warrants insist upon making only the barest factual showing and upon reciting nothing more than

their own conclusions. In the case now before us, for instance, except for the recitation that defendant had offered to supply narcotics to the stewardess on the flight into Cedar Rapids, we have no hesitancy in saying that probable cause for the issuance of the warrant could not be found.

██ Nothing else appears except the conclusions of the police officers, who asserted they had the defendant under surveillance for several weeks and that his actions were "suspicious." This conclusion was entirely unsupported by facts. They also stated they knew everything that was in the police files; but the writ cannot issue on what *they* secretly know. It can issue only on information communicated to the issuing officer who then makes his own determination of probable cause. We meet this same situation repeatedly despite the many times we have pointed out what must be shown. The most dedicated and diligent investigatory work is unavailing if the evidence thereby uncovered cannot be used to secure a conviction. The State came perilously close to such a fate here.

██ We sustain the issuance of the writ only because of the factual recitation concerning the conduct of the defendant on his flight to Cedar Rapids. We hold it is reasonable to conclude that one traveling on an airliner who offers narcotics to the stewardess may have such narcotics on his person or among his effects. Supported by the statements of an official of the airlines this was sufficient to furnish probable cause. On that basis, and on that basis alone, we hold the search and resulting seizure were proper.

VI. We have considered each assignment of error relied on for reversal. We hold the judgment of the trial court was correct and should be affirmed.

Affirmed.

All Justices concur, except RAWLINGS, J., who dissents.