**STATE of Iowa, Appellee,**

v.

**Wayne L. EVERETT, Appellant.**

**No. 56230.**

Supreme Court of Iowa.

Jan. 16, 1974.

Hughes J. Bryant, Mason City, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Clayton L. Wornson, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for robbery with aggravation under Code § 711.2. He alleges trail court should have ordered either a directed verdict of acquittal or new trial because of four erroneous trial rulings. We affirm the trial court.

Employees of the Kentucky Fried Chicken drive-in in Mason City testified that the drive-in was robbed of about $400 at about 9:15 p. m. October 2, 1972, by two men using a pistol and wearing white T-shirts over their heads. One was described as wearing a red plaid "C.P.O." jacket and the other a blue jean jacket and jeans with rivets down the side.

One State witness said he saw two men whom he could not identify running from the robbery site toward a car parked the wrong way in a one-way alley near Washington School about one block west. Another testified he saw a green car with what he thought was Iowa license number 98–6087 parked there.

Investigating officers testified they later saw a green 1969 Plymouth Roadrunner bearing license number 95–6087 two blocks from the robbery site. Subsequently they found the car parked at Marnin's Drive-In and took its three occupants, Anthony "Butch" Overbeck, owner of the car, Roger Everett, defendant's brother, and Robert Graham, into custody. Graham gave a statement to detective Walter L. Reindl and deputy chief Wayne Jewell implicating the three of them and Bobby Query in the robbery. He asserted Overbeck and Query robbed the Kentucky Fried Chicken drive-in while the others waited in the car. He said Overbeck was wearing blue jeans and a blue jean jacket and Query blue jeans and a checkered "C.P.O." jacket. He told the officers they went to the Everett home in Mason City after the robbery where Overbeck and Query changed clothes and left the money.

Based on this investigative data detective Reindl obtained a warrant from police judge Harold Winston to search the Everett home. In their search officers found clothing answering the description of that worn by the robbers. They also found wrapped in a white towel in the bottom of a clothes hamper a small automatic pistol, $268 in cash, and a paper sack containing seven bags of marijuana.

In a second statement and in his testimony at trial Graham said it was defendant Wayne L. Everett rather than Query who accompanied Overbeck in the robbery. He also testified that marijuana had been in Overbeck's car and they all smoked some of it prior to the robbery. When called as a witness by the State Roger Everett testified his brother Wayne was with them, but

Roger disclaimed knowledge of the robbery, saying he left the car to relieve himself when it was parked near Washington School. He denied giving the officers a statement that defendant and Overbeck had left the car at the same time to commit the robbery.

Defense witnesses included Overbeck, Query, Roger Everett and defendant. The purport of their testimony was that none of them participated in any robbery that evening, that Query was not with them at the time it was said to have occurred, that Graham was hallucinating during the evening from the effects of a "micro-sunshine" LSD pill, and that defendant spent the evening either drinking or in Overbeck's car smoking marijuana.

Four questions are presented by this appeal. They are: whether trial court erred (1) in overruling defendant's objections to the introduction of evidence seized in the search of the Everett home, (2) in overruling defendant's motion for mistrial based on a remark of the prosecutor in his opening statement, (3) in overruling defense objections to cross-examination of Roger Everett, and (4) in overruling defendant's exception to an instruction on accomplice testimony.

I. *The search and seizure.* Defendant contends the search warrant for his home was issued without probable cause because based on hearsay which was neither reliable nor corroborated. Trial court overruled his pretrial motion to suppress the evidence from the search after an evidentiary hearing. Defendant renewed his objection at trial to some, but not all, of the evidence when offered by the State.

■ Where a motion to suppress is made and overruled prior to trial, a proper objection must be made when the evidence is offered at trial in order to preserve error. State v. Salazar, 213 N.W.2d 490 (Iowa 1973), and citations. Hence defendant waived his objection in those instances where he did not renew his pretrial objection at trial. Because he did in some in-

stances renew his objection we must decide whether the search warrant was supported by probable cause. We believe it was.

The information for search warrant was supported by the affidavit of detective Reindl. In it he recited the details of the robbery, description of its perpetrators, circumstances relating to observation of the Overbeck car and apprehension of Overbeck, Roger Everett and Graham, all as shown by the police bulletin and radio log. He also attached and identified the detailed written statement of Graham which repeated much of the independently obtained investigative information in the police records.

■ Defendant alleges Graham's statement is wholly unreliable because later revised and shown to have been given after an evening of marijuana smoking and LSD hallucinations. This ignores the fact that, in passing on the validity of a search warrant, a reviewing court may consider only information brought to the attention of the issuing officer. State v. Lynch, 197 N.W. 2d 186, 191 (Iowa 1972).

■ Probable cause exists where the facts and circumstances presented to the judicial officer are sufficient in themselves to justify the belief of a man of reasonable caution that an offense has been or is being committed. Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879, 1890 (1949). Hearsay may be sufficient for probable cause if there is a substantial basis for crediting it. Contrary to defendant's contention, it does not require extrinsic corroboration. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L. Ed.2d 697, 708 (1960) ("hearsay may be the basis for a warrant"); State v. Dodson, 195 N.W.2d 684, 685 (Iowa 1972). A substantial basis for crediting hearsay exists when the statement is against the penal interest of the one who makes it. United States v. Harris, 403 U.S. 573, 583, 91 S. Ct. 2075, 2082, 29 L.Ed.2d 723, 734 (1971) ("Admissions of crime  *  *  *  carry

their own indicia of credibility—sufficient at least to support a finding of probable cause to search.").

■ Graham's statement was clearly against his penal interest. This, accompanied by its detailed content identical to much of the data gathered by separate police investigation, is sufficient to support the finding of probable cause. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ The separate investigative data was also entitled to consideration. United States v. Ventresca, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684, 690 (1965) ("Observations of fellow officers * * * engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."); see United States v. McCormick, 309 F.2d 367 (7 Cir. 1962); People v. Leahy, 173 Colo. 339, 484 P.2d 778 (1970).

We agree with trial court there was ample basis for issuance of the search warrant.

■ II. *The motion for mistrial.* In ruling on a motion in limine by defendant, trial court ordered the State not to refer at trial to the marijuana found in defendant's house unless or until its admissibility was determined at trial. In his opening statement the county attorney violated this ruling in describing the search by telling the jury "They found a bag of marijuana." Defendant objected and moved for mistrial. The court admonished the jury to disregard the statement and overruled the motion.

Later the marijuana was received in evidence over defendant's objection. He asserts trial court erred in receiving it because it was the product of an unlawful search. We have decided that issue against defendant's contention in Division I. Accordingly, defendant has not shown the court erred in receiving the marijuana in evidence. This made the county attorney's remark premature rather than prejudicial. Any error in trial court's ruling on the motion for mistrial is moot.

Although we do not need to decide whether the county attorney's remark would otherwise be misconduct requiring reversal, we point out the very purpose of a motion in limine is to avoid disclosing to the jury prejudicial matters which may compel declaring a mistrial. State v. Johnson, 183 N.W.2d 194, 197 (Iowa 1971). When a party has made a motion in limine he is in stronger position to claim error when such disclosure is made. "Excuses of good faith, use of opening statements, inadvertence or prompt admonition to the jury are harder come by." State v. Garrett, 183 N.W.2d 652, 655 (Iowa 1971). We have reversed several cases recently where prosecutorial remarks have deprived a defendant of a fair trial. See State v. Vickroy, 205 N.W.2d 748 (Iowa 1973), and citations.

Since the marijuana was later received in evidence we find no reversible error in the court's denial of the motion for mistrial in this case.

III. *The cross-examination of Roger Everett.* When called as a defense witness Roger Everett was questioned about Robert Graham's purchase and use of LSD in a city park at and after about 7:00 p. m. that evening. He described Graham's trance-like behavior afterward in Overbeck's car. Then defense counsel asked him about concealment of marijuana when the police took the witness, Overbeck and Graham into custody at Marnin's Drive-In.

On cross-examination the county attorney asked questions relating to the whereabouts and conduct of the group between the time they left the park and the time they arrived at Marnin's Drive-In. Defense counsel objected to two of these questions as exceeding the scope of direct

examination. Trial court overruled the objections and defendant assigns these rulings as error.

The scope and extent of cross-examination is largely within trial court discretion. State v. Hinsey, 200 N.W.2d 810, 816 (Iowa 1972); State v. Harrington, 178 N.W.2d 314, 316 (Iowa 1970); In re Estate of Cory, 169 N.W.2d 837, 843–844 (Iowa 1969). Cross-examination may cover fully and fairly all matters raised on direct examination. Where the witness is not the accused the privilege against self-incrimination does not automatically become an inhibiting factor. Cf. State v. Jensen, 189 N.W.2d 919 (Iowa 1971).

Here Graham's demeanor subsequent to his alleged ingestion of LSD was put in issue on direct examination in an apparent effort to discredit his testimony. The only cross-examination questions to which defendant objected related to what the witness and Graham did during the time the witness asserted on direct examination Graham was affected by LSD. We do not believe trial court exceeded the bounds of fair discretion in permitting cross-examination into the events in which Graham participated with the witness while supposedly hallucinating.

IV. *The accomplice instruction.* Trial court included in its preliminary draft of instructions an instruction on the necessity of corroboration of the testimony of an accomplice as a predicate for conviction. See § 782.5, The Code. It conformed with the uniform instruction prepared by the Iowa State Bar Association. See II Iowa Uniform Jury Instructions, No. 501.8 (1970). Defendant requested that the court add the following statement to the instruction: "The testimony of one accomplice cannot be corroborated by that of another accomplice." Trial court declined to make the change precisely as requested but in its final draft did add the words "or accomplices" in the instruction so that the jury was told defendant could not be convicted on the uncorroborated testimony of

an "accomplice or accomplices." Defendant excepted.

We believe the instruction as changed by trial court adequately incorporated the concept embodied in defendant's request. "A trial court is not required to instruct in the language of requested instructions if the subject is covered in the court's own instructions." State v. Jones, 193 N.W.2d 509, 514 (Iowa 1972).

Trial court did not err in overruling defendant's exception to the final draft of the accomplice instruction.

We find no reversible error.

Affirmed.

All Justices concur, except RAWLINGS, J., who dissents.

RAWLINGS, Justice (dissenting).

Being unable to agree with the reasoning or conclusion reached in Division IV of the majority opinion I respectfully dissent. See Johnson v. State, 4 G. Greene 65 (1853).

I would therefore reverse and remand for a new trial.