STATE of Iowa, Appellee,

v.

Jackie Pieter BOER, Appellant.

No. 55432.

Supreme Court of Iowa.

Dec. 18, 1974.

William F. Olinger and Robert Sosalla, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for possession of a narcotic drug in violation of § 204.2, The Code, 1971. The State alleged he possessed about seven pounds of hashish, a derivative of marijuana, found in a suitcase received by him at the Cedar Rapids airport on February 20, 1971. Defendant's appeal challenges the constitutionality of the statute under which he was charged, the validity of the search warrant under which the drug was seized, and the admissibility at trial of oral and written statements he made to the police. We reverse and remand because we find the search warrant did not issue upon probable cause.

■ Defendant attacks the constitutionality of § 204.2, The Code, 1971, insofar as it classifies hashish as a narcotic drug, as denying due process and equal protection under Amendments 5 and 14, United States Constitution. He raised the issue in a motion to dismiss filed about one-half hour before commencement of trial. After a brief hearing, the motion was overruled. The trial court held the motion was untimely. We agree.

Preliminarily, we note that the statute under which defendant was prosecuted was repealed July 1, 1971, by Acts 64 G.A., First Session, ch. 148, § 605. It was replaced by the Uniform Controlled Substance Act, chapter 204, The Code, 1973. Marijuana and its derivatives are no longer identified as narcotic drugs. See § 204.101(16), (17), The Code, 1973. The repealed statute was applicable in this case. See State v. Quanrude, 222 N.W.2d 467 (Iowa 1974).

The State maintains the constitutional challenge should have been raised by demurrer. We answered this contention in State v. Ritchison, 223 N.W.2d 207 (Iowa 1974), filed November 13, 1974, holding that a demurrer is not the exclusive means for challenging the constitutionality of a statute. The timeliness and specificity of the challenge control rather than the manner in which it is made. The fact the challenge here was made in a motion to dismiss rather than a demurrer is not a basis for rejecting it.

In *Ritchison* the constitutional issue was not raised until that defendant's motion for directed verdict during the trial, despite the fact the defendant had been arraigned on the charge 18 months earlier. We held the issue of the constitutionality of the statute under which a defendant is charged must be raised at the earliest available opportunity in the progress of the case, and the challenge was not timely in that case.

In this case defendant was arraigned on the charge February 22, 1971. Trial did not commence until December 13, 1972, more than 21 months later. In the interim, defendant made various other motions which were heard and ruled on. No excuse appears in the record for his failure to raise the constitutional issue in conjunction with one of the earlier proceedings so that the matter could be heard and determined in the regular manner. The motion was made too late. The trial court was right in overruling it. We do not reach the constitutional issue.

■ II. Defendant filed a pretrial motion to suppress which included an allegation that the search warrant under which the hashish was seized was issued without probable cause. It was overruled by Judge Ansel Chapman after evidentiary hearing. As explained in State v. Untiedt, 224 N.W.2d 1 (Iowa 1974), filed separately this date, a ruling on a motion to suppress, as distinct from a motion in limine, may be assigned as error on appeal. See Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974). Defendant assigns Judge Chapman's ruling as error in this case.

Although other questions are raised regarding the legality of the search, we believe resolution of the probable cause issue is determinative in establishing that the motion to suppress should have been sustained.

The search warrant was obtained from August F. Honsell, then a judge of the Cedar Rapids municipal court, by detective Denton Schultz of the Cedar Rapids police department. The warrant was issued shortly after noon on February 20, 1971.

In the sworn information for the warrant, officer Schultz said he had probable cause to believe there were "narcotics, hallucinogenic, and dangerous drugs" in a gray samsonite suitcase, bearing certain tag numbers, at the municipal airport. He averred the suitcase was to be picked up by a person using the name Jack Van Zee of 223 So. Dubuque St., Iowa City, Iowa.

His written recital of facts and circumstances leading him to believe there was probable cause for issuance of a warrant was as follows:

"That I as a Detective of the Cedar Rapids, Iowa Police Dept. have investigated the abuse and illegal use and sale of illegal drugs in Cedar Rapids, Iowa Linn Co. and adjoining areas and I have been advised that a man using the name of Jack Van Zee is expecting a suitcase with narcotics drugs in it to be delivered to the Municipal airport and he is to pick it up when it is delivered there to Ozark

Air lines. The informant who gave me this information is a reliable informant who has given information in the past and I have personally talked with him and he has relayed this information to me personally. He has no felony record with out [sic] department as far as I can locate in out [sic] files. I have checked at the municipal airport and have learned that the baggage clainm [sic] was made for luggage with # OZ 02 08 73 and * * tag # UA 55 04 47 and is the grey samsonite luggage of Jack Van Zee."

In addition, the following statement was endorsed on the information by Judge Honsell: "Further information related to court as to credibility and reliability as to circumstances and informant * * *."

In the suppression hearing officer Schultz did not testify to any facts and circumstances related to the judge disclosing the basis for the informant's conclusion that the suitcase would contain narcotic drugs. At the hearing Judge Honsell was asked, "Did Mr. Schultz or the accompanying officer indicate to you any of the underlying circumstances from which the informant concluded there were in fact narcotic drugs at the airport?" The judge answered, "I don't believe so."

■■ Probable cause for issuance of a search warrant exists only when the facts and circumstances presented to the judicial officer are sufficient in themselves to justify the belief of a man of reasonable caution that an offense has been or is being committed. State v. Everett, 214 N.W.2d 214, 217 (Iowa 1974). It cannot be established unless the issuing officer has sufficient facts, as opposed to mere conclusions, to make his own determination that it exists. State v. Lynch, 197 N.W.2d 186, 191–192 (Iowa 1972); State v. Salazar, 174 N.W.2d 453 (Iowa 1970); State v. Spier, 173 N.W.2d 854 (Iowa 1970); see Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1509 (1958) ("The [magistrate] must judge for himself the persuasiveness of the facts relied on by a

complaining officer to show probable cause.").

■ The only recital of alleged illegal activity given the magistrate in the information for search warrant in this case was the affiant's statement, "I have been advised that a man using the name of Jack Van Zee is expecting a suitcase with narcotic drugs in it to be delivered to the municipal airport * * *." There is nothing to support a finding of illegal activity other than this recital by the officer of a conclusion drawn by an alleged unidentified informant. The magistrate was given no facts showing the basis for the alleged informant's conclusion either in the information or in oral testimony.

The facts in this case are remarkably close to those in State v. Lynch, supra. The Lynch case also involved issuance of a warrant to search a suitcase for narcotics at the Cedar Rapids airport based upon information from an unidentified informant that Lynch would be bringing drugs to Iowa from California on a particular airline flight. There is one controlling difference. In Lynch the sworn information of the officers recited that an airline official informed them that defendant had offered to obtain narcotics for the stewardess on the flight involved.

The court in Lynch held that except for the recitation that the defendant had offered to supply narcotics on the flight into Cedar Rapids, it had "no hesitancy in saying that probable cause for the issuance of the warrant could not be found." The court concluded, "On that basis, and on that basis alone, we hold the search and resulting seizure were proper." State v. Lynch, supra, 197 N.W.2d at 192.

We do not have a supportive fact like that in Lynch upon which to find probable cause was shown in this case. The State in its brief concedes that, "The Court would probably find that there was an insufficient showing as to the underlying circumstances upon which the informant based his conclu-sions * * *." That concession is fully justified.

However, the State maintains there are two reasons issuance of the warrant should nevertheless be upheld. One is a contention that the officer provided the magistrate with additional data corroborating the informant's conclusion. The other is a contention that the officer showed the informant was credible and his information was reliable.

These contentions are answered by the holdings of the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In Aguilar, the Supreme Court was confronted with a warrant issued upon an affidavit by two police officers reciting that they had "reliable information from a credible person" that the petitioner had certain contraband drugs in his home. The court held there were two deficiencies in the showing made to obtain the warrant.

■ One was the "mere conclusion" that the petitioner possessed narcotics. The court noted probable cause cannot rest on mere conclusions regarding illegal activitiy, no matter whose conclusions they are. That is, they are inadequate when they are an informant's conclusions as well as when they are the conclusions of an officer. See Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933); State v. Johnson, 203 N.W.2d 126 (Iowa 1972).

The second deficiency in Aguilar was the failure of the officers to show their informant was credible or his information reliable. The court held a showing of that kind is necessary when the officers rely on hearsay.

■ Insofar as relevant here, the Spinelli court held that the standard of Aguilar prohibiting issuance of a warrant upon mere presentation of conclusions regarding illegal activity cannot be met by adding corroborative detail regarding innocent-

seeming activity to those conclusions. Information which appears innocent must be presumed innocent. When added to mere conclusions as to illegal activity, it does not constitute probable cause. See United States ex rel. Hart v. Davenport, 478 F.2d 203 (3 Cir. 1973); United States v. McNally, 473 F.2d 934 (3 Cir. 1973).

The State's contention in this case that officer Schultz provided the magistrate with corroborative detail is answered by *Spinelli*. The additional data provided by the officer was innocent-appearing. It tended only to verify that a man using the name Jack Van Zee was expecting a certain suitcase at the Cedar Rapids airport. This data cannot be added to the recital of the informant's conclusion regarding illegal activity to establish probable cause.

The other contention of the State, that the informant was shown to be credible and his information reliable, begs the question. It purports to answer the second requirement of *Aguilar* but not the first. Nor does United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), relied on by the State, help its position. The plurality opinion in *Harris* deals solely with the second requirement of *Aguilar*, relating to establishment of a substantial basis for crediting the report of an informant. It does not reach the first requirement of *Aguilar*, at issue here, the communication of supportive detail for the informant's conclusion regarding illegal activity.

Neither contention advanced by the State to support a finding of probable cause to justify issuance of the warrant is tenable.

We hold that the showing of probable cause was insufficient for issuance of the search warrant. The court erred in overruling defendant's motion to suppress.

■ III. Defendant also challenges the admission into evidence of oral and written statements he made to police officers. He contends he did not knowingly and intelligently waive his right to counsel and privilege against self-incrimination under the standards in Miranda v. Arizona, 384 U.S.

436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also asserts the statements should be excluded as the product of information gained through the illegal search.

Regarding the first ground, we have fully examined the circumstances in which the statements were obtained in light of the standards in State v. Cooper, 217 N.W.2d 589 (Iowa 1974). We hold the totality of circumstances shows defendant was fully informed of his relevant constitutional rights and knowingly and intelligently relinquished them prior to making the statements involved.

Regarding defendant's second ground, we find the issue was not raised at any time in the trial court. The issue cannot be raised for the first time on appeal. State v. Cooper, supra, at 592–593.

For the reasons given in Division II the case must be reversed and remanded.

Reversed and remanded.

All Justices concur except REES and HARRIS, JJ., who dissent.