STATE of Iowa, Appellee,

v.

Paul Scott EASTER and William David Kerns, Appellants.

No. 58324.

Supreme Court of Iowa.

May 19, 1976.

John C. Wellman, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen. and Ray A. Fenton, County Atty., for appellee.

Heard by REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

REYNOLDSON, Acting Chief Justice.

Defendants were convicted following a joint trial for possession of a controlled substance with intent to deliver in violation of § 204.401(1), The Code, 1973. In this consolidated appeal, they challenge the validity of the search warrant under which the controlled substance was seized.

The warrant was issued on the application of Kenneth Arduser, assistant director, narcotics division, Iowa Department of Public Safety. In a sworn information for the warrant, Arduser stated the following facts led him to believe there was probable cause for issuance of the warrant:

"That at approximately 11:30 am 1/31/74 I received information from Sgt. Werner Wolff who identified himself as a Sergeant with the Tucson, AZ, Metropolitan Narcotics Squad. Sgt. Wolff stated two subjects using the names S. Kerns and W. Kerns left the Tucson, AZ, area and were proceeding to Denver, CO. Sgt. Wolff stated the two subjects would be leaving Denver, CO, for Des Moines, IA, and would be flying to Des Moines, IA, via United Airlines Flight 376. Sgt. Wolff stated S. Kerns and W. Kerns would be arriving in Des Moines, IA, via United Airlines Flight 376 at 2:54 pm 1/31/74. Sgt. Wolff stated S. Kerns and W. Kerns had in their possession three suitcases: (1) large blue suitcase bearing United Airlines claim check 1181–84, (2) large green suitcase bearing United Airlines claim check 1181–85, (3) blue suitcase bearing United Airlines claim check 1181–83. Sgt. Wolff stated two of the suitcases, 1181–84 and 1181–85, each contained approximately twenty packages of marihuana. Sgt. Wolff stated one of the subjects is described as WMA, 5'9" tall, slender build, 150 pounds, approximately 25 years old, dark medium length hair, wearing a dark colored suit. Sgt. Wolff went on to state the other subject was described as a WMA, 6' tall, 170 pounds, with light brown hair and a mustache."

Arduser's affidavit also stated Sergeant Wolff obtained the information from a confidential informant who had proven reliable in three drug transportation cases and ten other drug cases.

The affidavit further disclosed that before making application for a search warrant, Arduser verified Wolff's identity as a member of the Tucson, Arizona Narcotics Squad, and confirmed through United Airlines that S. Kerns and W. Kerns had reservations on flight 376 arriving in Des Moines at 2:54 p. m. on January 31, 1974.

After obtaining the search warrant, Arduser and several other police officers went to the Des Moines airport to maintain surveillance. At approximately 3:10 p. m. they saw defendants Easter and Kerns, who met the descriptions given by Sergeant Wolff, accompanied by a third person. Defendants proceeded to the luggage claim area, where Easter picked up a blue suitcase and Kerns picked up two additional suitcases. Defendant Easter went outside and placed his suitcase in a station wagon parked outside the door. Defendant Kerns, after rejoining Easter and the third party, began to load his suitcases into the station wagon. Officers then approached the three individuals, read them the search warrant and their Miranda rights, and searched the suitcases. They found several packages of material later identified as marijuana.

Defendants filed a pretrial motion to suppress asserting, *inter alia*, the affidavit submitted in support of the search warrant application was insufficient to support an independent finding of probable cause by the issuing judge.

■ Trial court overruled defendants' motion to suppress, relying in part on Arduser's suppression hearing testimony he had additionally told the issuing judge that the informant had personally observed contraband being placed in the suitcases. This information does not appear in the affidavit or magistrate's endorsement to the search warrant application, and we do not consider it. The search warrant must stand or fall on facts recited in the affidavits and the abstracts of oral testimony endorsed on the application; it cannot be rehabilitated by later testimony. *Rice v. Wolff*, 513 F.2d 1280, 1287 (8 Cir.), cert. granted, 422 U.S. 1055, 95 S.Ct. 2677, 45 L.Ed.2d 707 (1975); *State v. Liesche*, 228 N.W.2d 44, 48 (Iowa 1975).

■ I. The overriding question, of course, is whether there was probable cause for issuance of the search warrant. Probable cause exists when the facts and circum-

stances presented to the judicial officer are sufficient in themselves to justify the belief of a person of reasonable caution that an offense has been or is being committed. *State v. Boer*, 224 N.W.2d 217, 219 (Iowa 1974); *State v. Everett*, 214 N.W.2d 214, 217 (Iowa 1974). The issuing officer cannot rely on mere conclusions to determine that probable cause exists. *State v. Boer*, supra, and citations.

■ At the outset we note Arduser's affidavit recited he corroborated the fact S. Kerns and W. Kerns had reservations on the flight specified by Wolff. We do not rely on this corroboration, however; such activity is entirely innocent and cannot be used to bolster an otherwise inadequate warrant application. See *Spinelli v. United States*, 393 U.S. 410, 415, 89 S.Ct. 584, 588, 21 L.Ed.2d 637, 642 (1969); *State v. Boer*, supra, 224 N.W.2d at 221.

Defendants argue this search warrant application does not meet the test of probable cause established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Aguilar* states that when an informant's tip forms the basis for a search warrant, the magistrate must be advised of some of the underlying circumstances from which informant reached his conclusions and some of the underlying circumstances from which the officer concluded his informant was reliable. 378 U.S. at 114–115, 84 S.Ct. at 1514, 12 L.Ed.2d at 729.

Defendants allege since the search warrant application herein did not specifically disclose the source of informant's knowledge, the first prong of the *Aguilar* test is not satisfied and the warrant is invalid. This analysis fails to recognize the alternative to the *Aguilar* test which was formulated in *Spinelli v. United States*, supra, 393 U.S. at 415, 89 S.Ct. at 588, 21 L.Ed.2d at 643. *Spinelli* provides that even if an informant's report is inadequate under the specific tests of *Aguilar*, it may still serve as a basis for probable cause if it is sufficiently detailed to supply as much trustworthiness as the *Aguilar* test. See *United States v. Marihart*, 472 F.2d 809, 813 (8 Cir. 1972).

■ Where there is no statement disclosing the manner of gathering the information, the critical determination becomes, under *Spinelli*, whether the tip "describe[s] the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." 393 U.S. at 416, 89 S.Ct. at 589, 21 L.Ed.2d at 644. The court in *Spinelli* looked to *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) as a case where information given by the informant was so detailed a magistrate could have concluded the informant gained his information in a reliable way. In *Draper*, the informant notified a federal agent that Draper had gone to Chicago September 6 and would be returning to Denver September 8 or September 9 with three ounces of heroin. The informant described with particularity Draper's physical characteristics, the clothing he would be wearing and what he would be carrying. The substance of information given in the case *sub judice* is identical to information given in *Draper*, and the challenged search warrant passes constitutional muster under the test of *Spinelli*.

II. Defendant relies on *State v. Boer*, supra, to support his argument this search warrant was issued without probable cause. Although the facts in *Boer* are superficially similar to those in this case, there are critical differences. In *Boer*, only the following factual information, devoid of supportive detail, was given to the magistrate:

"* * * I have been advised that a man using the name of Jack Van Zee is expecting a suitcase with narcotic drugs in it to be delivered to the Municipal airport and he is to pick it up when it is delivered there to Ozark Air lines."

—224 N.W.2d at 219.

In contrast, the judge issuing this warrant had before him very specific information detailing (1) the nature and amount of contraband to be seized; (2) specific descriptions of the two suitcases in which it would be carried; (3) the names and descriptions

of individuals who would be transporting it; and (4) the course and time of their travels. This detailed information was sufficient to insure the informant had personally ascertained the facts, and had not fabricated them on the basis of general reputation or obtained them through rumor or "an offhand remark heard at a neighborhood bar." See *Spinelli v. United States*, supra, 393 U.S. at 417, 89 S.Ct. at 589, 21 L.Ed.2d at 644.

Our conclusion there was probable cause for issuance of the warrant also finds support in *United States v. Cummings*, 507 F.2d 324, 329 (8 Cir. 1974); *United States v. Holliday*, 474 F.2d 320, 322 (10 Cir. 1973); and *People v. Williams*, 541 P.2d 76, 77–78 (Colo.1975).

The convictions are affirmed.

AFFIRMED.