**STATE of Iowa, Appellee,**

v.

**Reginald S. BUCKNER, Appellant.**

**No. 55979.**

Supreme Court of Iowa.

Jan. 16, 1974.

Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for robbery with aggravation under Code § 711.2. He alleges trial court erred in excluding evidence bearing on his reputation for certain character traits and in failing to instruct the jury on character evidence and sufficiently on his defense of alibi. We find the court erred in its ruling excluding character evidence and reverse and remand.

The State's evidence supported its charge that defendant with two others robbed at gunpoint the Tape Town music store in Des Moines on September 15, 1971. Defendant testified he did not commit the offense, and he and two other witnesses testified he was watching television at a friend's house at the time it was said to have occurred. He also offered one character witness.

I. *The ruling on character evidence.* Defendant called his employer, Earl M. Proctor, as a character witness. Mr. Proctor testified as follows. He resides in Urbandale and is a plumbing and heating contractor. Defendant entered his training program approximately two years earlier and was at the time of trial in his second six months of apprenticeship training. The witness made a general investigation of defendant before hiring him. He gave defendant special attention because he was the company's first minority employee. He heard many comments during the two years from members of the community relating to defendant's honesty. He described the occasion and nature of some of the comments. Those comments came from defendant's prior employer, another business man, an assistant county attorney, and defendant's coemployees.

At that point the following occurred:

Q. Mr. Proctor, based on everything you have told us here today and your investigation, do you have a judgment as to whether or not his reputation for truth and veracity and honesty is good or bad?

A. I would say—

MR. VAN SLINGERLANDT: Just a moment. That is objected to as no proper foundation. It is incompetent, irrelevant; it calls for an opinion and conclusion of the witness.

THE COURT: I would sustain the objection on the basis of the foundation.

MR. SCALISE: Where am I lacking, Your Honor? Can you tell me where the foundation is lacking?

THE COURT: Well, I don't know. * * * I don't know whether [the county attorney] has any objection to me answering the question or not.

MR. VAN SLINGERLANDT: Yes, I do, Your Honor.

MR. SCALISE: * * * I think I am entitled to know where I am lacking in the foundation and I would ask you that.

MR. VAN SLINGERLANDT: I can't try your case for you.

Trial court did not specify the ground of its ruling, having evidently concluded it should not do so without the State's consent.

■ The witness later was permitted to express his favorable personal opinion of defendant's honesty, but he was not permitted to testify as to defendant's general reputation for any character trait. A defendant may introduce evidence of his

good character for the traits involved in an offense as bearing on the probability he did or did not commit the crime charged. This may be done by proof of his real character for such traits or his general reputation for them. State v. Hobbs, 172 N.W.2d 268, 271 (Iowa 1969). Defendant attempted to do both in this case but succeeded only in introducing evidence of his actual character for honesty. The court's sustaining of the State's general "no proper foundation" objection prevented him from introducing reputation evidence.

We have identified the relevant character traits on the issue of nonprobability of guilt of robbery with aggravation as honesty, integrity, good citizenship, peacefulness and nonviolence. Foundation requisites for admissibility of reputation evidence are fully explicated in State v. Hobbs, supra, 271–272; see M. Ladd, Techniques and Theory of Character Testimony, 24 Iowa L.Rev. 498 (1939). These requisites are: "(1) The background, occupation, residence, etc., of the character witness, (2) His familiarity and ability to identify the party whose general reputation was the subject of comment, (3) Whether there have in fact been comments concerning the party's reputation for a given trait, (4) The exact place of these comments, (5) The generality of these comments, many or few in number, (6) Whether from a limited group or class as opposed to a general cross-section of the community, (7) When and how long a period of time the comments have been made." State v. Hobbs, supra, at 272.

We are not concerned here with the fact defense counsel's question sought to elicit an answer from the witness as to whether he had an opinion of defendant's reputation for truth and veracity, character traits which were not relevant except as they overlap the trait of honesty. Nor does this problem involve defective form of the question as not expressly asking the witness if he had an opinion of defendant's *general* reputation for the traits involved. Cf. State v. Hall, 259 Iowa 147, 157, 143

N.W.2d 318, 324 (1966). Objection was not made on either of those grounds.

The issue with which we are confronted is whether trial court erred in sustaining the general "no proper foundation" objection without disclosing when requested to do so the specific ground for its ruling.

We have often said it is not reversible error for a trial court to *overrule* a general objection that no proper foundation has been laid. See, e. g., State v. Means, 211 N.W.2d 283, 287 (Iowa 1973); State v. Armstrong, 203 N.W.2d 269, 271 (Iowa 1972); Olson v. Katz, 201 N.W.2d 478, 482 (Iowa 1972); U. S. Homes, Inc. v. Yates, 174 N.W.2d 402, 405 (Iowa 1970), and citations. The reason is that unless the grounds for an objection are obvious one seeking to exclude evidence "has the duty to indicate the specific grounds to the court so as to alert the judge to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible." State v. Clay, 213 N.W.2d 473 (Iowa 1973).

However, we also adhere to the rule that when the trial judge *sustains* a general objection so that the record does not disclose a specific ground for the ruling, the ruling will be upheld on review if any ground in fact existed for exclusion of the evidence. State v. Hobbs, supra, 172 N.W.2d at 272–273. This rule originated in reasoning that, "It will be assumed, *in the absence of any request by the opposing party or the court to make the objection definite*, that it was understood, and that the ruling was placed upon the right grounds." Tooley v. Bacon, 70 N.Y. 34, 37 (1877) (italics added); see McCormick on Evidence, § 52 at 116 (Second Ed. 1972); I Wigmore on Evidence, § 18 at 338. (Third Ed. 1940).

An objection is not simply a device to preserve error for appeal. It is, in the first instance, a means of invoking a rule of evidence by which admission of proof at trial is regulated. When a gener-

al objection is made and its basis is not obvious, neither interrogating counsel nor the court should have to review the entire law of evidence in an effort to determine its specific ground. The burden of establishing a reason for exclusion of evidence is on the objector. His objection must be sufficient to alert the judge and opposing counsel to the question raised so that if it is sustained opposing counsel can attempt to correct the defect. The assumption that a general objection was understood and the ruling sustaining it was placed on the right ground gives way when there is a request that the ground of either the objection or the ruling be specified.

In the present case there was a request by defense counsel that the specific ground of the court's ruling be disclosed. This destroyed the assumption that the objection was understood and that the ruling was placed on the right ground. The only reason the specific ground of the ruling is not shown in the record is because trial court and the objector declined to put it there. Without the assumption we cannot uphold the ruling sustaining the general objection. The State did not by its general objection alone establish a reason for exclusion of the evidence.

■ A trial court's right to sustain a general objection when any proper specific ground exists for exclusion of the evidence is limited by its duty to specify the basis of its ruling when requested by interrogating counsel to do so. Colburn v. Chicago, St. P., M. & O. Ry. Co., 109 Wis. 377, 383, 85 N.W. 354, 356 (1901); see Adelmann v. Elk River Lumber Co., 242 Minn. 388, 65 N.W.2d 661 (1954); State v. Hoffman, 240 Wis. 142, 2 N.W.2d 707 (1942); McCormick on Evidence, supra, § 52 at 116, fn. 45. This rule does not cast the trial court in a partisan role. It simply requires the court to administer the law of evidence consonant with its purpose. When a general objection is sustained the rule requires only that when requested to do so the court make an intelligible ruling on an inadequate objection.

■ ■ When interrogating counsel is in doubt as to the basis upon which the trial court sustains a general objection he may properly ask the court the specific ground or grounds of its ruling, and it is the court's duty to answer the inquiry. The court errs if it is unable or unwilling to specify the ground or grounds and nevertheless does not change its ruling. Trial court erred in failing to specify the basis of its ruling when requested to do so in this case.

■ ■ We are persuaded the error requires reversal. We say this even though defendant made no offer of proof. The general rule is that failure to make an offer of proof leaves nothing for review unless, upon the whole record, the proof which would have been adduced is apparent. State v. Hall, supra, 259 Iowa at 159, 143 N.W.2d at 324–325. Here the record affirmatively shows the witness had uniformly good reports of defendant's honesty. It is obvious he had an opinion of defendant's general reputation for honesty and believed such reputation was good. No offer of proof was necessary. State v. Ferguson, 222 Iowa 1148, 1161–1162, 270 N.W. 874, 882–883 (1937); cf. State v. Hall, supra.

We are unable to say defendant would not have been able to correct whatever specific foundation deficiency served as the basis of trial court's ruling if it had been disclosed to him. Trial court's failure to give a specific ground for the ruling when asked to do so effectively denied defendant his right to present material evidence bearing on the probability he did or did not commit the crime charged. This was reversible error.

For trial court's guidance upon retrial we have examined the foundation for the reputation evidence in this case in the light of the State's contention there was a proper ground for sustaining the objection. The State alleges the foundation was inadequate because the witness derived his

opinion from comments made by people who knew defendant only through his job.

■ The requirement that reputation testimony be based on comments from a cross-section of the community as opposed to a narrow group or class is intended to assure the reliability of the opinion. M. Ladd, Techniques and Theory of Character Testimony, supra, at 513–518. However, these comments need not always come from a cross-section of an entire city or town. It is sufficient that they come from a cross-section of those persons among whom the individual lives and acts. V Wigmore on Evidence, § 1615 at 487 (Third Ed.1940).

Formerly the place where one's reputation was best known was the neighborhood where he resided. Now the reputation of a person who lives in an urban center is often better known where he works than where he resides. As noted by Wigmore:

> "There is every reason why the law should recognize this. Time has produced new conditions for reputations. The traditional requirement about 'neighborhood' reputation was appropriate to the conditions of the time; but it should not be taken as imposing arbitrary limitations not appropriate in other times. * * * What the law, then as now, desired was a trustworthy reputation; if that is to be found among a circle of persons other than the circle of dwellers about a sleeping-place, it should be received." V Wigmore, supra, § 1616 at 488.

We agree. See People v. Cobb, 45 Cal.2d 158, 287 P.2d 752 (1955); Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937); State v. Axilrod, 248 Minn. 204, 79 N.W.2d 677 (1956); State v. Jackson, 373 S.W.2d 4 (Mo.1963); McCormick on Evidence, supra, § 191 at 456.

In the present case defendant lived and worked in Des Moines. His employment associations were not connected with the neighborhood in which he resided. There was evidence he developed a distinct general reputation for honesty while pursuing his livelihood. The character witness identified comments from a fairly representative number of persons who knew defendant's reputation for honesty through association with him in his work. Trial court would have acted well within its discretion in overruling the State's objection to the reputation opinion on the specific ground now urged.

■ II. *Instructing on character evidence.* Defendant contends trial court erred in failing to instruct the jury on the subject of character evidence. It is true the testimony of witness Proctor giving his personal opinion of defendant's good character for honesty would have justified an instruction on the subject had one been requested. However, defendant did not request such an instruction and did not except to the failure of the court to give one. He preserved no error. State v. Buchanan, 207 N.W.2d 784, 787 (Iowa 1973).

In fact defendant expressly waived an instruction on the subject when his counsel told the court at the conclusion of the evidence "it doesn't matter to me if you give one or not." See State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973).

Trial court did not err in failing to instruct on character evidence.

■ III. *Instructing on alibi.* Trial court instructed the jury on the defense of alibi but did not include language affirmatively informing the jury the defendant did not have the burden of proof on the issue. Defendant now, for the first time, asserts this omission was error.

The record shows he neither requested a different instruction nor excepted to the one given. He preserved no error. State v. Buchanan, supra.

For the reasons given in Division I, the case must be reversed and remanded.

Reversed and remanded.