**STATE of Iowa, Appellee,**

v.

**Thomas Rowland SHERIDAN, Appellant.**

**No. 58443.**

Supreme Court of Iowa.

Nov. 17, 1976.

Phillip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

MOORE, Chief Justice.

Defendant appeals his conviction and sentence for possession of a controlled substance with intent to deliver, Count I (marijuana) and Count II (hashish) in violation of section 204.401(1), Code 1973, and possession of a controlled substance Count III (Lysergic Acid Dithamide), Count IV (Methaqualone) and Count V (Amobarbital) in violation of section 204.401(3), Code 1973. We affirm.

Defendant-appellant's first two assigned errors assert his pretrial motion to suppress all evidence in regard to search of his Des Moines home and seizure of quantities of the above-named controlled substances should have been sustained. He attacks the validity of the search warrant issued by Magistrate Ben E. Kubby first on procedural grounds and then on grounds of insufficient evidence to establish probable cause.

The evidence taken at defendant's motion to suppress hearing included testimony of police officer Larry Leitzke of the Metropolitan Area Narcotics Squad (M.A.N.S.). Leitzke testified defendant had been under surveillance by members of M.A.N.S. prior to February 14, 1975 when he conducted and witnessed a drug purchase at defendant's home through use of an undercover informant. Late that night Leitzke went to Magistrate Kubby's home to obtain a warrant for the search of defendant's home. Prior to appearing before Magistrate Kubby, Officer Leitzke prepared a search warrant and a form for the magistrate's endorsement thereon containing an abstract of evidence to be presented to the magistrate. Leitzke orally testified before Magistrate Kubby to the facts contained in the abstract he had prepared. Thereafter Magistrate Kubby made certain requisite notations in parts of the search warrant (not here involved) and specifically found the information to justify probable cause and thereafter issued the warrant. The magistrate signed the endorsement thereon containing the prepared abstract of evidence.

I. Defendant first contends the search warrant was invalid on the ground Magistrate Kubby had not performed his required statutory duty because he did not personally prepare the abstract of testimony and acted only as a "rubber stamp" when he endorsed the abstract of evidence. Of course a magistrate must never become a "rubber stamp" for the police. *Aguilar v. Texas,* 378 U.S. 108, 110, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723, 727.

The requirements for issuance of a search warrant are enumerated in Code section 751.4. It includes:

"If the magistrate thereafter issues the search warrant, he shall endorse on the application the name and address of all persons upon whose sworn testimony he relied to issue such warrant together with an abstract of such witness' testimony.

District Judge Anthony M. Critelli, who heard defendant's motion to suppress, in his findings and conclusions noted he was not aware of one authority which in "any manner or degree condemns the practice followed herein," He found: "The magistrate's signature at the bottom of the instrument indicates that he approves, accepts, and *adopts* the prepared instrument and it has the same force and effect as if he had personally prepared same." We agree.

Our research has led us to only one case dealing with officer-prepared abstracts of testimony in the area of search warrant proceedings. The following footnote is found in *United States v. Pike,* 5 Cir., 523 F.2d 734, 737–738:

"Appellant Lee also challenges the local Birmingham procedure whereby a completed search warrant is presented to the magistrate who then places the submitting officer under oath and conducts an inquiry into the existence or nonexistence of sufficient probable cause to support the particular search. The more typical procedure involves the submission of a sworn affidavit. The real difference in a probable cause evaluation made on

the basis of factual matters set out in an affidavit or in a completed search warrant is difficult to see. *As long as the magistrate does conduct a meaningfully independent inquiry before affixing his signature, the constitutional standards should be regarded as met.* In all events, the magistrate's 'determination of probable cause should be paid great deference by reviewing courts,' *Spinelli v. United States,* 1969, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637; *United States v. Hill,* 5th Cir. 1974, 500 F.2d 315, 319, and in the absence of arbitrariness, that determination is conclusive. *Bastida v. Henderson,* 5th Cir. 1973, 487 F.2d 860, 863, citing *Castle v. United States,* 5th Cir. 1961, 287 F.2d 657." (Our emphasis).

■ II. Defendant-appellant next attacks the validity of the search warrant on the ground of insufficient evidence to establish probable cause for the issuance thereof.

This court in *State v. Spier,* Iowa, 173 N.W.2d 854, discussed and analyzed at length the duty of a magistrate in considering and determining probable cause for issuance of a search warrant. The pertinent quotations from pages 858–859 of *Spier* are:

"Amendment 4 of the United States Constitution provides: 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, *but upon probable cause,* supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.' (Emphasis supplied).

"To the same effect is section 8, Article I, of the Iowa Constitution.

"It therefore follows a search warrant may issue only upon an adequate showing, under oath or affirmation, or probable cause.

"Touching on that subject the court said in *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879: 'In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.'

"This was later repeated, with approval, in *Beck v. State of Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 226, 13 L.Ed.2d 142.

"Unquestionably a *warrant-issuing magistrate,* in determining the matter of probable cause, *must judge for himself the persuasiveness of facts relied on by an applicant,* mere conclusions being totally inadequate. *Giordenello v. United States,* 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503.

"Thus, a magistrate is required to make an objective determination of the factual situation presented to him on oath or affirmation, mere subjective findings or conclusions of an applicant-officer being insufficient and of no probative value. See *Beck v. Ohio,* supra, at 379 U.S. 97, 85 S.Ct. 229."

More recently in *State v. Boer,* Iowa, 224 N.W.2d 217, 219, 220, we said:

"Probable cause for issuance of a search warrant exists only when the facts and circumstances presented to the judicial officer are sufficient in themselves to justify the belief of a man of reasonable caution that an offense has been or is being committed. *State v. Everett,* 214 N.W.2d 214, 217, (Iowa 1974). It cannot be established unless the issuing officer has sufficient facts, as opposed to mere conclusions, to make his own determination that it exists. *State v. Lynch,* 197 N.W.2d 186, 191–192 (Iowa 1972); *State v. Salazar,* 174 N.W.2d 453 (Iowa 1970); *State v. Spier,* 173 N.W.2d 854 (Iowa 1970); see *Giordenello v. United States,* 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1509 (1958) ('The [magistrate] must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause.')."

See also *State v. Wright,* Iowa, 244 N.W.2d 319; *State v. Rockhold,* Iowa, 243 N.W.2d 846; *State v. Nelson,* Iowa, 234 N.W.2d 368; *State v. Drake,* Iowa, 224 N.W.2d 476.

As found by Judge Critelli the record clearly shows finding of probable cause for issuance of the search warrant was based on the sworn testimony of Officer Leitzke that he conducted and witnessed a drug purchase at defendant's home a few hours before his appearance before Magistrate Kubby. See *State v. Liesche,* Iowa, 228 N.W.2d 44. Defendant-appellant's argument it was based on reference to an unvouched for informant is unsupported by the record.

Defendant-appellant's first two assigned errors are untenable.

III. Trial of this case was before District Judge Wade Clarke. The jury found defendant guilty of each of the five offenses with which he was charged. Thereafter he was sentenced within the provisions of section 204.401(1) of the 1973 Code and the Iowa Indeterminate Sentence Law.

■ Defendant-appellant's third assigned error raises an evidentiary issue regarding proof of "intent to deliver" which is an element only of the crimes charged in Count I and Count II.

After Officer Leitzke related his wide experience and knowledge of drug users and his description of the paraphernalia and drugs seized at defendant's home, including 43 pounds of marijuana, the following occurred during his trial testimony:

"Q. Now, Officer, based on your own experience and based on what you observed at the house in that southwest room do you have an opinion as to whether or not the hashish and the marijuana were possessed with intent to deliver. A. Yes.

"MR. MILLER: Okay, I don't want his opinion just yet, but if he wants to ask him I'll reserve my objection to it.

" * * *

"Q. Okay, Officer, what is your opinion?

"MR. MILLER: Now, just wait a minute, Mr. Leitzke. Your Honor, I would like to make the following objection. The defendant would object to this question in that form for the reason that it calls for an opinion and conclusion of this witness without any proper foundation. It invades the province of the Court and the jury. The witness is not properly qualified. It constitutes hearsay. It is incompetent, irrelevant and immaterial, and for the further reason that there are not sufficient underlying facts and circumstances pointed out here to allow him to testify to this, and it goes to the very substance or issues before the Court and the jury.

"THE COURT: The objections are each overruled. Do you understand the question? A. Yes. Would you repeat it?

"Q. Just give your opinion. A. All right, in my—

"MR. MILLER: Same objection would apply to that question.

"THE COURT: Same ruling.

"A. In my opinion this is far in excess of what a person would have for their own personal use.

"MR. MILLER: And I move to strike that, Your Honor, for all of the reasons previously urged.

"THE COURT: Motion to strike is overruled."

From the adverse ruling on his multiple generalized objections defendant-appellant limits the problem presented to us by his third assigned error which states:

"The trial court erred in overruling defendant's objection to police officer Larry Leitzke's opinion on intent to deliver, as it invaded the province of the court and jury."

Beginning with the polestar case of *Grismore v. Consolidated Products Co.,* 232 Iowa 328, 344, 5 N.W.2d 646, 655, we have repeatedly held a general objection to opinion testimony that the question invades the

province of the jury is invalid and not available. See *State v. Hicks,* Iowa, 245 N.W.2d 319, 320; *State v. Hines,* Iowa, 223 N.W.2d 190, 192; *State v. Taylor,* Iowa, 201 N.W.2d 724, 727; *Bengford v. Carlem Corporation,* Iowa, 156 N.W.2d 855, 865, and citations.

In *State v. Johnson,* Iowa, 224 N.W.2d 617, 622, we say:

"The objection in the trial court that the opinion would invade the province of the jury was not sufficient to preserve that issue for review. * * *."

We do not pass upon any part of the objection made below, except the very specific portion thereof assigned as error by defendant-appellant.

We find no ground for reversal under defendant-appellant's third assigned error.

Defendant-appellant's five convictions are affirmed.

AFFIRMED.