STATE of Iowa, Appellee,

v.

Jerry NIMMO, Appellant.

No. 58318.

Supreme Court of Iowa.

Nov. 17, 1976.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle, IV, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

McCORMICK, Justice.

Defendant appeals his convictions and sentences on one count of possession of marijuana with intent to deliver and one count of possession of phenobarbital with intent to deliver in violation of § 204.401(1), The Code. The determinative question is the sufficiency of defendant's objections to opinion testimony on the subject of his intent to deliver the drugs. We reverse and remand.

During defendant's trial, Des Moines police officer Larry Leitzke was permitted over defendant's objections to answer questions regarding the intent with which defendant possessed quantities of marijuana and phenobarbital found in his possession during a police search.

Evidence was offered to show the circumstances under which the drugs were being held by defendant and to establish officer Leitzke's experience and qualifications as a narcotics officer. Then, regarding the marijuana, he was asked for his opinion "as to whether this quantity under these circum-

stances would be held for personal use or for sale." Defendant objected that the question called for an opinion on "the ultimate issue for the jury to decide." The trial court overruled the objection, and the officer testified that the amount of marijuana found in defendant's possession "would be quite a bit more than a person would have on hand for personal use."

Regarding the phenobarbital, Leitzke was subsequently asked for his opinion as to whether the quantity found in defendant's possession "could be considered for personal use or transfer to others." An objection was made that this was "the ultimate issue for the jury to decide." The court overruled the objection, and the officer testified, "This is far in excess of what a person would have even with a prescription in his residence."

The intent with which defendant possessed the drugs was critical to the jury's determination of his guilt of the offenses charged. He was charged with possessing the drugs with intent to deliver them to another. Possession without such intent is a lesser offense. § 204.401(3), The Code.

■ In *State v. Ogg*, 243 N.W.2d 620, 621 (Iowa 1976), we held that a witness may not express an opinion on the subject of a defendant's intent to deliver no matter how expert he is. Such testimony violates the principle that a witness may not express an opinion on a question of law or mixed law and fact. The principle is expressed in *Grismore v. Consolidated Products Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942).

In *Grismore,* the court held that if a matter before a tribunal for determination is one in which opinion testimony is necessary or proper, "the witness may express his opinion either as to the possibility, probability, or actuality of the matter of fact about which he is interrogated, and the answer will not be an invasion or usurpation of the province of the jury, even though it passes upon an ultimate fact which the jury must determine." However, the court then said:

"Of course, we are not to be understood as saying that opinion testimony should be received as to all matters. It should be received only as to such matters as are proper subjects of opinion testimony. No witness should be permitted to give his opinion directly that a person is guilty or innocent, or is criminally responsible or irresponsible, or that a person was negligent or not negligent, or that he had capacity to execute a will, or deed, or like instrument, or as held by us in *Halligan v. Lone Tree Farmers Exchange,* 230 Iowa 1277, 1283, 300 N.W. 551, respecting whether the county attorney had probable cause to believe the plaintiff was guilty of the crime charged. But the reason is that such matters are not subjects of opinion testimony. They are mixed questions of law and fact. When a standard, or a measure, or a capacity has been fixed by law, no witness, whether expert or nonexpert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct, in question measures up to that standard. On that question the court must instruct the jury as to the law, and the jury must draw its own conclusion from the evidence. However, courts have permitted both scientific and practical experts to express their opinion whether a certain method used, or course of conduct, was a proper one."

This limitation on opinion testimony has been reiterated in several recent cases. See *State v. Swartz,* 244 N.W.2d 553 (Iowa 1976); *State v. Ogg,* supra, *State v. Billings,* 242 N.W.2d 726 (Iowa 1976); *State v. Oppedal,* 232 N.W.2d 517 (Iowa 1975); *State v. Droste,* 232 N.W.2d 483 (Iowa 1975); *State v. Horton,* 231 N.W.2d 36 (Iowa 1975).

The challenged inquiry in the present case comes squarely within the proscription of *State v. Ogg,* supra. However, the State has raised the question in this case of the sufficiency of defendant's objections to preserve the issue for review. That question was not involved in *Ogg.*

■ The test for determining the sufficiency of an objection to preserve error was

stated in *State v. Clay,* 213 N.W.2d 473, 476–477 (Iowa 1973):

"The general rule is that unless the reasons for an objection are obvious one attempting to exclude evidence whether the attempted exclusion is by objection or motion has the duty to indicate the specific grounds to the court so as to alert the judge to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible."

Error may not ordinarily be predicated on an order overruling an inadequate objection. See Rule 103, Uniform Rules of Evidence. The burden of invoking a reason for exclusion of evidence is on the objector. *State v. Buckner,* 214 N.W.2d 164, 168 (Iowa 1974).

■ Because the function of an objection is to invoke a rule of evidence to regulate admission of proof at trial, it is sufficient if it alerts the trial court to the principle sought to be invoked. "In determining the formal sufficiency of an objection, it is enough if the substance of the defective feature of the evidence offered is made clear by any choice of language. Care must be taken that the objection strike at the very heart of the infirmity." Ladd, Objections, Motions and Foundation Testimony, 43 Cornell Law Quarterly, 543, 551 (1958).

■ In order to invoke the *Grismore* limitation on opinion evidence on matters of law or matters of mixed law and fact, a party must make an objection sufficient to alert the trial court that the inquiry is not a proper subject of opinion testimony. When expert testimony is involved, we have held an objection that the opinion is not a proper subject of expert testimony is adequate to preserve the issue for review. *State v. Johnson,* 224 N.W.2d 617, 622 (Iowa 1974). However, an objection that the opinion invades the province of the jury is invalid. Id.

Here defendant objected to the questions on the ground they called for opinions on "the ultimate issue for the jury to decide." The ultimate issue for the jury to decide was defendant's guilt of the two counts of possession of controlled substances with an intent to deliver. Thus, the substance of the objections was a claim that the questions called for opinions as to defendant's guilt of the offenses charged. In *State v. Ogg,* supra, at 621, we held a similar inquiry was impermissible because it allowed a police officer "to express an outright opinion as to defendant's guilt on one of the essential elements of the crime", in violation of the *Grismore* principle.

Therefore, the substance of the objections in this case struck at the heart of the defective feature of the evidence even though the objections were not in the more appropriate form approved in *State v. Johnson,* supra. We hold they were sufficient to preserve the issue for review. This holding is distinguished from that in *State v. Sheridan,* 247 N.W.2d 232 (Iowa 1976), filed separately this date, by the difference in the form of the objections relied on in the assignments of error in the two cases. Because the inquiry in the present case violated the rule of evidence adequately invoked by defendant's objections, the trial court erred in overruling them. The case must be reversed and remanded for new trial on both charges.

REVERSED AND REMANDED.

All Justices concur except UHLENHOPP and LeGRAND, JJ., who dissent.

UHLENHOPP, Justice (dissenting).

Defendant objected that the questions called for opinions on "the ultimate issue for the jury to decide." This is not a valid objection to a question. The court stated in *Grismore v. Consolidated Products Co.,* 232 Iowa 328, 343–344, 5 N.W.2d 646, 655, "[T]he fact that the matter inquired about is a vital and controlling fact in the trial, or *is even the ultimate fact, which the jury are to pass upon and determine,* is no reason why the opinion should not be received." (Italics added.)

The infirmity if any in the questions the prosecutor asked here was that they involved mixed matters of law and fact. Hence they dealt with matters which are

not subjects of opinion testimony. If defendant had objected that the questions called for answers which are not subjects of opinion testimony, he would have raised the issue he now argues. As also stated in *Grismore,* supra, at 361, 5 N.W.2d at 663, "No witness should be permitted to give his opinion directly that a person is guilty or innocent, or is criminally responsible or irresponsible, or that a person was negligent or not negligent, or that he had capacity to execute a will, or deed, or like instrument, or as held by us in *Halligan v. Lone Tree Farmers Exchange,* 230 Iowa 1277, 1283, 300 N.W. 551, respecting whether the county attorney had probable cause to believe the plaintiff was guilty of the crime charged. *But the reason is that such matters are not subjects of opinion testimony. They are mixed questions of law and fact.*" (Italics added.)

I would hold that the objections were insufficient. See *State v. Sheridan,* 247 N.W.2d 232 (Iowa).

LeGRAND, J., joins in this dissent.