STATE of Iowa, Appellee,

v.

Robert Paul BASS, Appellant.

No. 85–43.

Supreme Court of Iowa.

April 16, 1986.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann DiDonato, Asst. Atty. Gen., and Wayne Saur, Co. Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE and LAVORATO, JJ.

WOLLE, Justice.

A jury trial resulted in defendant's conviction on the charge of assault without intent to inflict serious injury but which causes bodily injury. Iowa Code §§ 708.-1, .2(2) (1983). Defendant contends that the trial court should have sustained his objection to a question asked of the State's medical expert concerning the time when the victim sustained injury. He also bases a constitutional ineffectiveness of counsel claim on his trial attorney's failure to object to expert testimony about the truthfulness of children reporting child abuse. We affirm, but reserve the ineffectiveness claim for postconviction proceedings.

From the evidence not challenged in this appeal, the jury could have found beyond a reasonable doubt that the three-year-old victim sustained injuries from a beating at defendant's home where he was living with his mother, brother and sister. The victim's brother and sister testified that de-

fendant had beaten the victim in the child's bedroom on the morning of July 16, 1983. Two medical doctors testified that the victim's bruises had been inflicted at a time when he was with the defendant, not at an earlier time when his mother and grandmother were with him.

Defendant denied assaulting the child and presented evidence from which the jury could reasonably have found that the victim's mother and grandmother had previously used unduly harsh physical methods of disciplining the children and might have been responsible for the boy's injuries. Defendant also presented testimony of a hospital physician whose expert testimony about when the beating occurred conflicted with testimony of the State's expert witnesses.

▬ I. We first address defendant's contention that the trial court should have sustained his objection to expert testimony concerning the time when the victim's bruises were inflicted. On direct examination one of the State's expert medical witnesses testified:

Q. ... So then concerning the 9:30 hypothesis, 9:30 p.m. the night before with the child going to the hospital at 10:25 a.m. and the pictures starting about 11:20 a.m., can you state then in terms of reasonable medical certainty an opinion about the possibility of 9:30 p.m. being the time the injuries were received? A. In my opinion it would be exceedingly unlikely, exceedingly unlikely that this occurred at 9:30, twelve or thirteen hours earlier.

Q. And to count that a little differently, Doctor, do you have any doubt in your mind that we can exclude that long of a time period given the facts you have to this matter?

[Defense Counsel]: Your Honor, I object to that phrasing of the question. The standard here is beyond a reasonable—or a reasonable medical certainty, not beyond any doubt, not beyond a reasonable doubt. I believe the question is improper if we're talking about raising doubt here; that is the province of the jury, not this

doctor. I would request that the State rephrase that question in the correct standard.

COURT: I'm going to overrule the objection.

WITNESS: My [sic] I rephrase my answer in that I have no reasonable doubt that the injuries did not occur at 9:30 p.m. the day previous? I don't want to be caught in a double negative. What I'm saying is I do not believe and have no doubt in my mind that the injuries did not occur at 9:30 p.m. the previous night.

Defendant argues that the expert witness was improperly allowed to express an opinion on a question of law—whether the State had met its burden of proving defendant's guilt beyond a reasonable doubt. He relies on dictum in *Grismore v. Consolidated Products Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942), where we noted that a witness should not be permitted to express an opinion on a person's guilt or innocence, the ultimate mixed question of law and fact in a criminal case. *See, e.g., State v. Moses,* 320 N.W.2d 581, 587–88 (Iowa 1982) (citing numerous authorities that have applied the *Grismore* rule); *State v. Nimmo,* 247 N.W.2d 228, 230 (Iowa 1976) (same). The State responds that defendant's objection was insufficient to preserve error on that issue, and that the objection was correctly overruled in any event.

Defendant's objection was sufficient to preserve the issue for appeal. In *State v. Nimmo,* we said:

In order to invoke the *Grismore* limitation on opinion evidence on matters of law or matters of mixed law and fact, a party must make an objection sufficient to alert the trial court that the inquiry is not a proper subject of opinion testimony. When expert testimony is involved, we have held an objection that the opinion is not a proper subject of expert testimony is adequate to preserve the issue for review. However, an objection that the opinion invades the province of the jury is invalid.

247 N.W.2d at 231 (citations omitted). Although defendant's objection referred to "the province of the jury," it also targeted the prosecution's reference to "any doubt in your mind." The objection, though not a model of clarity, was adequate to alert the trial court about defendant's concern. Defendant believed that the medical witness was being asked to give an opinion on whether the witness had any reasonable doubt about defendant's guilt. "In determining the formal sufficiency of an objection, it is enough if the substance of the defective feature of the evidence offered is made clear by any choice of language." *Id.* (quoting Ladd, *Objections, Motions and Foundation Testimony*, 43 Cornell L.Q., 543, 551 (1958)). The substance of defendant's objection was that the question called for an opinion on whether defendant was guilty. The objection was sufficient to preserve the issue for our review.

■ We conclude, however, that defendant's objection was without merit. The question asked of the expert witness did not inquire as to the guilt or innocence of defendant and did not call for an opinion on an issue of law. The subject of the question was the time when the victim sustained injuries, one of the evidentiary facts in dispute. The examining attorney could properly ask the expert witness how certain he was about his opinion on that factual issue. The trial court did not abuse its discretion in overruling the objection and thereby allowing the expert witness to describe how firmly he held his opinion.

Furthermore, the question concerning when the injuries were sustained was a question upon which the jury could benefit from expert evaluation and analysis. We have often held that opinion evidence should be received if it aids the fact finder and is based on special training, experience or knowledge with respect to an issue in controversy. *Moses*, 320 N.W.2d at 587; *State ex rel. Leas in re O'Neal*, 303 N.W.2d 414, 420 (Iowa 1981); Iowa R.Evid. 702. Consistent with our liberal policy toward the reception of opinion evidence, we will reverse only for an abuse of the trial court's discretion. *Moses*, 320 N.W.2d at

587; *State ex rel. Leas in re O'Neal*, 303 N.W.2d at 420. Defendant has not satisfied his burden to establish that this evidentiary ruling amounted to an abuse of discretion.

■ II. Defendant also contends that his sixth amendment constitutional right to effective counsel was violated when his trial counsel failed to object to expert testimony that young children are basically truthful. At trial the victim's brother and sister, ages nine and five, testified that defendant beat their brother on the morning in question. The State then presented expert opinion testimony that children almost never lie about child abuse. Defendant's counsel did not object to the testimony.

Defendant can only succeed on this ineffectiveness claim by establishing both that his counsel failed to perform an essential duty and that prejudice resulted. *Hall v. State*, 360 N.W.2d 836, 838 (Iowa 1985); *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). No record has yet been made before the trial court on those issues. Trial counsel has not been given an opportunity to explain why no objection was made, and the trial court has not considered and ruled on the ineffectiveness claim. Under these circumstances, we pass the issue in this direct appeal and reserve it for post-conviction proceedings. *See State v. Steltzer*, 288 N.W.2d 557, 560 (Iowa 1980); *State v. Williams*, 285 N.W.2d 248, 270–71 (Iowa 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980).

We affirm defendant's conviction and sentence, finding no abuse of discretion in the court's ruling on the first evidentiary issue. We reserve defendant's right to raise in postconviction proceedings his claim of ineffective assistance of counsel arising out of the second evidentiary issue.

AFFIRMED.