STATE of Iowa, Plaintiff-Appellee,

v.

Alan Frederick MAURER,
Defendant-Appellant.

No. 86–1444.

Court of Appeals of Iowa.

May 28, 1987.

David L. Scieszinski, Wilton, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ted Metier, Asst. Atty. Gen., and Bruce A. Ingham, Asst. Muscatine Co. Atty., for plaintiff-appellee.

Considered by SNELL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On May 15, 1985, defendant, Alan Frederick Maurer, was arrested for operating a motor vehicle while intoxicated in Muscatine County. He was charged by trial information with O.W.I. in violation of Iowa Code section 321.281 (1985). Following a jury trial he was convicted of operating a motor vehicle while intoxicated. From this decision he has appealed.

Our scope of review is limited to correction of errors at law. Iowa R.App.P. 4. The trial court's findings of fact have the force of a special verdict and are binding

upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). This case is reviewed as tried in the court below. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App.1979). We are not bound by the trial court's determination of law and are free to decide whether the court's findings were the result of legal error. *Rouse v. State*, 369 N.W.2d 811, 813 (Iowa 1985).

Defendant contends the trial court erred in: (1) allowing the arresting officer to testify he believed "beyond any reasonable doubt" that defendant was operating while under the influence; and (2) excluding a deputy sheriff's testimony the county intoxilyzer machine was not functioning properly forty days after defendant's arrest on the ground it was irrelevant to defendant's refusal to take a breath test.

We initially consider whether the trial court erred in allowing the arresting officer to testify to certain matters. On this issue we agree with the defendant and reverse and remand for new trial.

During trial and while the State was presenting the testimony of Iowa State Trooper Jeff N. Ritzman, the prosecuting attorney asked Trooper Ritzman the following question:

Q. Do you have an opinion, sitting there today, based upon what you had observed at the point of arrest, as to whether or not Mr. Maurer [defendant] had been operating a motor vehicle while under the influence of an alcoholic beverage? A. Yes, Sir. Based on the sum total of my observations with speed, Mr. Maurer's attitude, his physical characteristics, including his eyes and his balance, his inability to do field sobriety testing and the horizontal gaze nystagmus test, it is my opinion beyond any reasonable doubt that the Defendant was operating a motor vehicle upon a public highway while he was under the influence of an alcoholic beverage.

The defendant objected to these remarks as follows:

MR. SCIESZINSKI: Your Honor, at this time I interpose an objection to the manner in which the witness has testified to. He has given an opinion as to ultimate fact in this case to which no expert can give such an opinion, and I move the Court to allow my objection to precede the answer for the reason I did not have time to interpose an objection. I move the Court to strike the answer to the question and instruct the jury to disregard that.

THE COURT: Objection is overruled.

MR. SCIESZINSKI: Your Honor, so that the matter will be clear in the record here, my objection specifically is to the manner in which he stated his opinion. That is, that his opinion is based beyond a reasonable doubt.

THE COURT: I understand that your objection was probably based on the language he used. I trust that you can bring up certain points during the cross examination to explore that opinion and that was the basis for overruling the objection.

The State questions the sufficiency of this objection to preserve error. The general rule for determining the sufficiency of an objection to preserve error is as follows:

[U]nless the reasons for an objection are obvious one attempting to exclude evidence whether the attempted exclusion is by objection or motion has the duty to indicate the specific grounds to the court so as to alert the judge to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible.

*State v. Clay*, 213 N.W.2d 473, 476-477 (Iowa 1973). In cases where expert testimony is involved, an objection that the opinion is not a proper subject of expert testimony is sufficient to preserve the issue for review. *State v. Nimmo*, 247 N.W.2d 228, 331 (Iowa 1976). "However, an objection that the opinion invades the province of the jury is invalid." *Id.*

Here defense counsel objected because the witness had "given an opinion as to an ultimate fact in this case to which no expert can give such an opinion." He clarified this objection by specifying that the objection was to the manner in which the trooper expressed his opinion, based upon a reasonable doubt. We find this objection

properly preserved the issue for review. It clearly relates to the expert's opinion and the fact it is not a proper subject of testimony.

The offense of operating a motor vehicle while under the influence of an alcoholic beverage involves two elements: (1) the intoxication of the driver, and (2) the act of operating a motor vehicle while so intoxicated. Iowa Code § 321.281 (1985); *State v. Miller*, 204 N.W.2d 834, 837 (Iowa 1973). The trooper testified "it is my opinion beyond any reasonable doubt that the defendant was operating a motor vehicle upon a public highway while he was under the influence of an alcoholic beverage."

A witness should not be permitted to express an opinion as to the ultimate fact of the accused's guilt or innocence. *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975); *State v. Myers*, 382 N.W.2d 91, 97 (Iowa 1986). The rationale of this rule was set forth in *Grismore v. Consolidated Products Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942), as follows:

> But the reason is that such matters are not subjects of opinion testimony. They are mixed questions of law and fact. When a standard, or a measure, or a capacity has been fixed by law, no witness whether expert or non-expert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct, in question, measures up to that standard. On that question the court must instruct the jury as to the law, and the jury must draw its own conclusion from the evidence.

The trooper's testimony that defendant met both elements of the crime charged beyond a reasonable doubt, was tantamount to testimony that defendant was guilty of the crime. *See State v. Oppedal*, 232 N.W.2d at 524. As noted earlier, defense counsel's objection was adequate to preserve this issue for appeal. The trial court erred in overruling defendant's objection to Trooper Ritzman's testimony. His testimony went to a standard of proof, proof beyond a reasonable doubt, a decision which is up to the jury to decide.

Because we reverse and remand for a new trial on the first issue, we deem it unnecessary to address the second issue.

REVERSE AND REMANDED FOR NEW TRIAL.