[Crim. No. 24527. Second Dist., Div. Two. June 20, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
NORMAN ALLEN TOPP, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Donald J. Kaplan and Jay J. Becker, Deputy District Attorneys, for Plaintiff and Appellant.

Frederick M. Zax for Defendant and Respondent.

## OPINION

**COMPTON, J.**—In an information filed by the District Attorney of Los Angeles County defendant was charged in count I with possession of cocaine (Health & Saf. Code, § 11350, formerly § 11500), in count II with possession of cocaine for sale (Health & Saf. Code, § 11351, formerly § 11500.5), in count III with possession of marijuana (Health & Saf. Code, § 11357, formerly § 11530), and in count IV with possession of the drug phencyclidine (Health & Saf. Code, § 11350, formerly § 11910). The superior court ordered the information set aside pursuant to Penal Code section 995. The People appeal.

██ In ruling on a motion under Penal Code section 995, the superior court is required to view the evidence presented to the magistrate in the light most favorable to supporting the determination of the magistrate and must indulge in all reasonable inferences which would support the decision of the magistrate. In reviewing the correctness of the superior court's order in setting aside the information we apply the same test to determine whether there was sufficient evidence to support the magistrate's decision. (*People* v. *Biehl*, 228 Cal.App.2d 805 [39 Cal.Rptr. 868]; *Badillo* v. *Superior Court*, 46 Cal.2d 269 [294 P.2d 23]; *People* v. *Upton*, 257 Cal.App.2d 677 [65 Cal.Rptr. 103].)

It is clear from the record in this case that the superior court's order was not based on a lack of sufficient evidence to indicate that the defendant was guilty of the various offenses charged but was instead based on the competency of the evidence which was offered against him. The superior court found as a matter of law that the magistrate had erred in

admitting evidence which was the product of an unreasonable search and seizure.

As we pointed out in *People* v. *Manning*, 33 Cal.App.3d 586 [109 Cal. Rptr. 531], the determination of whether a search and seizure is reasonable is ultimately one of law, but that determination must be based on facts as determined by the appropriate fact finder. In the procedural posture of this case the fact finder was the magistrate who heard the preliminary hearing. The superior court was, as we are now, bound to defer to the magistrate's findings of fact.

### FACTS

For some four and one-half years, one Fred Bowen had resided in one-half of a duplex located in Playa Del Rey. On or about January 19, 1973, he shared this residence with another individual. However, on that date his co-tenant moved out and another moved in and remained for about 13 days. On or about February 2, 1973, the defendant took up occupancy of the duplex with Mr. Bowen, and occupied a bedroom which had been used by the first co-tenant. Some of the latter's belongings still remained in that bedroom.

Mr. Bowen soon became suspicious of defendant's activities. He testified at the preliminary hearing that defendant would receive visitors at odd hours of the night. He received an excessive number of telephone calls and strange messages were left by some of the callers. Mr. Bowen testified that on a number of occasions he smelled marijuana on the premises. On the 22d of February 1973, fearing that the presence of narcotics on the premises might result in his own arrest, Mr. Bowen decided to request that the defendant move. He made this request in a letter which he affixed to the bedroom door during defendant's absence.

After placing the notice on the door, Mr. Bowen left the premises and went to the home of his girlfriend where he met one Steve Smith and Smith's girlfriend. Smith was a long-time personal friend of Bowen. During this social gathering at Bowen's girlfriend's home, Bowen told Smith and the two girls of his suspicions about the defendant and indicated that he was going to search the defendant's room to see if he could find any narcotics. The four persons then returned to Bowen's residence arriving at about 11 p.m., and while the two girls and Smith remained in the living room, Bowen went into the closet and into one of defendant's coats and recovered a bag of cocaine. This evidence formed the basis of the charge in count I of the information.

Bowen brought the cocaine into the living room and handed it to Smith. Smith then instituted a call to the police and apparently arranged to meet a narcotics officer some place in the vicinity. Smith took a sample of the cocaine from the bag and rolled it in a paper towel. Bowen and Smith then met a narcotics officer who performed a field test and determined that the substance was in fact a narcotic.

The two then returned to the Bowen residence and awaited the arrival of another police officer, Sergeant Reeves. When Reeves arrived Bowen handed the package of cocaine to Reeves.

The evidence disclosed that Smith was a Los Angeles police officer but there was no indication that he was in any way assigned to narcotic enforcement. It is undisputed that he was off-duty at the time.

Sergeant Reeves, after obtaining the plastic bag of cocaine from Bowen, took it to the police station, made out his report and subsequently obtained a warrant of arrest for the defendant and returned to the premises. He commenced a surveillance of the location and observed the defendant drive up in an automobile and enter the residence carrying a box under his arm. The defendant was wearing a jacket. Armed with the arrest warrant Sergeant Reeves knocked on the door. When the defendant opened the door, Reeves identified himself and asked the defendant to step back inside the door where he conducted a patdown search of defendant.

Reeves testified that at this point he was about eight or nine feet from a coffee table where he observed the box that the defendant had been carrying and the jacket which the defendant had been wearing. He testified he could observe in the box a set of balance scales, a package of Ziploc plastic baggies and a brown bag. Reeves was an expert in narcotics enforcement and testified that the scale and the baggies were paraphernalia commonly used for the packaging of narcotics for sale. Reeves asked the defendant if he wished to take his jacket with him to jail and the defendant replied that he did. The officer then searched the jacket which disclosed the presence of handrolled cigarettes ultimately determined to contain the drug phencyclidine. The officer then felt the brown bag which was in the aforementioned box and determined that it contained some leafy material as well as a quantity of powdery material. On opening the bag he found it in turn contained other bags, one of which contained marijuana and one which contained cocaine. The officer seized the box and its contents. The evidence seized by Sergeant Reeves formed the basis of the charges in counts II, III and IV.

The magistrate found that Bowen's search of the defendant's coat was a product of his own volition and intent, that he was unaided by Smith in any way and that Smith did nothing to encourage, suggest or direct the search. All of the evidence was admitted by the magistrate. The superior court dismissed the entire information.

## DISCUSSION

Since the constitutional prohibition against unreasonable searches and seizure is aimed at governmental action, the exclusionary rule which was designed to compel compliance with that constitutional prohibition is inapplicable where evidence has been seized by a private citizen, unless that private citizen was acting as an agent of the government. (*People* v. *Minervini*, 20 Cal.App.3d 832 [98 Cal.Rptr. 107]; *People* v. *Anderson*, 9 Cal.App.3d 80 [88 Cal.Rptr. 4]; *People* v. *Coleman*, 263 Cal.App.2d 697 [69 Cal.Rptr. 910]; *People* v. *Jackson*, 14 Cal.App.3d 57 [92 Cal. Rptr. 91].)

*Raymond* v. *Superior Court*, 19 Cal.App.3d 321 [96 Cal.Rptr. 678] a case upon which defendant places great reliance, simply stands for two propositions, (1) that the test of whether a private citizen acted as an agent of the state in searching for and seizing evidence is the extent of police participation in the search and seizure, and (2) the determination of whether the police involvement was such as to characterize the citizen's actions as "state action" is a question of law. Even under *Raymond*, however, deference must still be afforded the magistrate's findings as to the facts concerning police involvement. *Raymond* provides no support for the superior court's order in this case because the facts are remarkably distinguishable.

In *Raymond*, a 12-year-old boy discovered marijuana in his father's dresser and called the sheriff's department. A deputy sheriff responded and met the boy in the office at his school. Following a discussion with the deputy sheriff, the boy volunteered to get a sample of the marijuana. The following day the deputy contacted the boy and after placing a telephone call to the house to determine if anyone was home, the deputy drove the boy to his home and directed him to go into the house and bring a sample of marijuana from the dresser and deliver it to the deputy sheriff.

In the case at bar Bowen was not a minor child but instead an adult who was in fact the landlord and himself the dominant occupant of the premises. The single most distinguishing feature here, however, is that

the deputy sheriff who responded to the 12-year-old boy's call in *Raymond* was on duty and engaged in active enforcement duties in directing the boy to conduct the search. Here Smith was for all intents and purposes a private citizen. He was off-duty and not engaged in active police work at the time. He simply acceded to the request of his friend to accompany him to the house. From these facts as found by the magistrate we conclude that there was no state action involved and the evidence was properly admissible.

■ Defendant next argues that the evidence seized at the time of his arrest by Sergeant Reeves was the result of an unreasonable search and seizure, citing *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], which limited the scope of a permissible *search* in conjunction with a valid arrest to the person of the arrestee and the area within his immediate control. The arresting officer, however, may *seize* evidence or contraband which is in plain sight. (*People* v. *Block,* 6 Cal.3d 239 [103 Cal.Rptr. 281, 499 P.2d 961]; *People* v. *Superior Court (Irwin)* 33 Cal.App.3d 475 [109 Cal.Rptr. 106].)

In effecting the arrest, Sergeant Reeves acted properly in stepping through the door. No law required that he invite the defendant onto the porch. He then had the authority to search the person of the defendant which would include the jacket that defendant indicated he wished to take with him to jail.

Next Sergeant Reeves was empowered to seize any evidence or contraband which was in plain view from his lawfully gained position. (*Chimel, Block, Irwin, supra.*) The box with its scales and Ziploc baggies, clearly recognizable as paraphernalia for the packaging and sale of narcotics was in plain sight and subject to seizure. The disputed brown paper bag was also in plain sight and in significant juxtaposition to the paraphernalia. There was nothing unreasonable in the officer feeling the bag.

The position of the bag and its tell-tale feel provided probable cause to believe that it contained contraband, thus it was also subject to seizure. (*Skelton* v. *Superior Court,* 1 Cal.3d 144, 157 [81 Cal.Rptr. 613, 460 P.2d 485].)

The order is reversed and the case is remanded to the superior court for further proceedings.

Roth, P. J., and Fleming, J., concurred.