[Civ. No. 14720. Third Dist. Jan. 10, 1975.]

WILLIAM L. HEMLER, Petitioner, v.
THE SUPERIOR COURT OF YUBA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Kathleen R. O'Connor for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Susan P. Rankin, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**PARAS, J.**—Petitioner petitions this court for a writ of mandate to compel the Yuba County Superior Court to suppress evidence seized pursuant to a search warrant.

Petitioner contends (1) there was no probable cause for the search of petitioner's bedroom; and (2) the information relied upon by the magistrate in issuing the search warrant was stale.

### FACTS

On March 14, 1974, an informant contacted Narcotic Agent Rodemaker and advised him that he (the informant) would be able to purchase cocaine from the residence of one John Dilly on the following day. On March 15, 1974, a telephone call was placed by the informant to Dilly and recorded by Agents Rodemaker and Tindel wherein the sale of cocaine was discussed and confirmed. Subsequently, and on the same day, the informant was equipped with an electronic transmitter, entered Dilly's residence, and purchased cocaine from Dilly. The transmitter relayed all the conversation to the agents, including the informant's request of Dilly as to whether another gram or ounce could be obtained; to which Dilly responded, "I'll try for it."

On April 18, 1974, 34 days later, Rodemaker executed an affidavit in support of a search warrant setting forth the above information. The court issued the warrant, thereby finding probable cause to search Dilly's residence and person. On April 19, 1974, several agents entered the Dilly residence under authority of the search warrant, placed the individuals in the residence under arrest, and searched the residence. Defendant was one of the persons arrested. After being advised of his *Miranda* rights, defendant stated that he lived at the residence and indicated the location of his bedroom. Evidence was seized from defendant's bedroom.

I. ■ Petitioner contends that there was no probable cause for the search of his bedroom, relying on cases prohibiting the search of a given unit of a multiple occupancy building absent a showing of probable cause to search each unit. The rule that a search warrant for one living unit cannot be used to justify a search of other units within a multiple dwelling area does not apply where all of the rooms in a residence constitute one living unit. (*People* v. *Garnett* (1970) 6 Cal.App.3d 280, 287-289 [85 Cal.Rptr. 769]; *People* v. *Coulon* (1969) 273 Cal.App.2d 148, 152 [78 Cal.Rptr. 95]; *People* v. *Gorg* (1958) 157 Cal.App.2d 515, 523 [321 P.2d 143].) In the present case, the evidence established that petitioner, Dilly and one John Tapleshay lived in the residence in question, and that the door to defendant's bedroom was not locked but opened onto the hallway that in turn led to the bathroom and then to the living room that was occupied by all three residents when the agents arrived. The residence also had a kitchen. At most, the evidence shows that three individuals lived in the residence, sharing the living room, bathroom, kitchen and hallways, and that defendant's bedroom opened onto the other rooms and was not locked. One living unit has been found to exist under similar circumstances. (*People* v. *Gorg, supra.*) The contention is rejected.

II. ■ Petitioner contends that the information relied upon by the magistrate in issuing the search warrant was stale.

The California Supreme Court has recently held that information is stale unless it consists of " 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' " (*Alexander* v. *Superior Court* (1973) 9 Cal.3d 387, 393 [107 Cal.Rptr. 483, 508 P.2d 1131].) The court did not set forth a length of time that would, as a matter of law, be deemed to render information stale, being content to note that there are "obviously some limits." (*Ibid.*)

In the present case the sale of March 15 clearly furnished probable cause for issuance of a search warrant either immediately or within a short time thereafter. But the warrant was issued 34 days after the sale. There was no information before the magistrate regarding any prior or subsequent activity or circumstance at the Dilly residence or by its occupants. In fact, the indications in the affidavit are that there was no great abundance or store of narcotics in the residence on March 15. The transmitter attached to the informant recorded the informant's inquiry as to whether Dilly could get another gram or ounce, and Dilly's reply "I'll try for it." From this we can also infer that there was subsequent investigation and continuing later effort by the authorities to detect and

arrest for later crimes, thus explaining and justifying the delay. But that is not the question. There is no evidence or suspicion of bad faith by the authorities, and hence nothing to justify. The question is simply whether the fact of the sale on March 15, together with the remaining information in the affidavit, furnished probable cause to believe that on April 18 there were narcotics at the residence. The continuing investigation, with no mention of it in the affidavit, suggests a contrary conclusion.

While the question of "stale" information depends upon the facts of each case (see *People* v. *Hernandez* (1974) 43 Cal.App.3d 581, 586 [118 Cal.Rptr. 53], there is specific authority which cannot be ignored. In the leading case of *SGRO* v. *United States* (1932) 287 U.S. 206 [77 L.Ed. 260, 53 S.Ct. 138, 85 A.L.R. 108] it was held that a delay of 20 days between the sale of contraband by the defendant and the issuance of the search warrant was such as to negate probable cause for believing in the current presence of contraband on defendant's premises. In the absence of other indications, delays exceeding four weeks are uniformly considered insufficient to show present probable cause (see Annot. 100 A.L.R.2d 525, 540.) On the other hand, particular circumstances such as prior extended observations (*United States* v. *Long* (1959) 169 F.Supp. 730) or a physical setting strongly suggestive of continuing illegal traffic in contraband (*State* v. *Cooper* (1931) 9 N.J.Misc. 342 [154 A. 423]) have caused a delay of as much as seven weeks to be held sufficient to indicate present probable cause (*People* v. *Dolgin* (1953) 415 Ill. 434 [114 N.E.2d 389].)

Here, not knowing from the affidavit of any prior or later activity or of other circumstances indicating *present* probable cause[1] and in view of the contrary indication above discussed, we are compelled to hold that the search warrant was void for lack of present probable cause to issue it.

III. Respondent contends that the search of the residence was justified without the search warrant because of the odor of marijuana and paraphernalia observed upon entry; it is claimed that these justify the arrest and the search incident thereto.

Despite an insufficient affidavit in support of a search warrant, a search may be valid if the arresting officer had probable cause to enter

[1]We are mindful of the law's policy favoring the use of warrants and the consequent strong presumption of their validity; also that the weight to be given to the factual allegations in the affidavits is to be determined by the trier of fact. (See *People* v. *Superior Court (Johnson)* (1972) 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183]; *Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 150 [81 Cal.Rptr. 613, 460 P.2d 485]; *People* v. *Christian* (1972) 27 Cal.App.3d 554, 561 [103 Cal.Rptr. 740]; *People* v. *Castro* (1974) 42 Cal.App.3d 960, 966 [117 Cal.Rptr. 295].)

without a warrant. (*Powelson* v. *Superior Court* (1970) 9 Cal.App.3d 357, 364 [88 Cal.Rptr. 8]; *People* v. *Castro* (1967) 249 Cal.App.2d 168, 174-176 [57 Cal.Rptr. 108].) The record, however, does not show the detection of marijuana odor and paraphernalia *prior* to the entry. Thus they furnish no justification for the entry and hence no basis for validation of the search.

IV. ▇ Although neither counsel called it to our (or the trial court's) attention and the trial court did not base its ruling upon it, we note in the record a wholly independent justification for the entry and arrest of defendant and the other occupants of the residence. On the same day that the search warrant was issued, April 18, 1974, an arrest warrant was also issued against John Dilly for violation of Health and Safety Code section 11352, presumably arising out of the cocaine sale of March 15. Agent Rodemaker had possession of this warrant on April 19 and informed Dilly of this fact before lawfully entering the living room and arresting him. (*People* v. *Topp* (1974) 40 Cal.App.3d 372 [114 Cal.Rptr. 856].) The validity of the arrest warrant has not been challenged by the defendant. Thus the entry into the residence was justified as well as the seizure of contraband therein, within the limitations of *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]. (See also *People* v. *Block* (1971) 6 Cal.3d 239 [103 Cal.Rptr. 281, 499 P.2d 961]; *People* v. *Superior Court (Manfredo)* (1971) 17 Cal.App.3d 195 [94 Cal.Rptr. 643]; and *People* v. *Superior Court (Irwin)* (1973) 33 Cal.App.3d 475 [109 Cal.Rptr. 106].) Whether *Chimel* requires suppression of some of the evidence should be determined by the trial court; and since neither the parties nor the court considered this issue, full opportunity should now be given to both sides to be heard and present evidence thereon.

Let a peremptory writ of mandate issue directing the superior court to (a) vacate its order denying the motion to suppress and (b) reconsider and rule upon the motion in the light of this opinion.

Regan, Acting P. J., and Janes, J., concurred.