**STATE of Iowa, Appellee,**

v.

**Jeffery William LEHR, Appellant.**

**No. 59781.**

Supreme Court of Iowa.

Oct. 19, 1977.

David D. Dunakey, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Faison T. Sessoms, Jr., Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

The principal issue in this appeal relates to the validity of a search warrant.

Defendant Jeffery William Lehr was the lessee of an upstairs apartment in Cedar Falls, Iowa, at 2218½ College Street. He and three other men lived in the apartment, which consisted of a rear stairway, back porch, living room, dining room, kitchen, bathroom, and four bedrooms.

Narcotics Officer William Hermansen presented to a district judge a sworn information for a search warrant alleging among other things: (1) a reliable confidential informant told Hermansen that Jay Argotsinger and two other males were in possession of marijuana in their apartment at 2218½ College Street in Cedar Falls, Iowa, that the informant was in the apartment within the previous 48 hours, that Argotsinger stated to the informant the marijuana was for sale, that Argotsinger and the two others were in the apartment at the time, and that the informant was familiar with marijuana and viewed the marijuana; (2) another officer, Sergeant Quinn, found from Cedar Falls Utilities that the apartment was in the name of Jess Lehr and found from the telephone company that the telephone at the apartment had the number 266–1986 and was in the name of Jess Lehr;

(3) another officer, Sergeant Shook, received information about three months previously that Argotsinger was dealing in cocaine at a Cedar Falls tavern; (4) on the day of the information another officer, Sergeant Damon, received information that Argotsinger was dealing in cocaine in the College Hill area and lived upstairs near the "Other Place" which is located at 2214 College Street, and Damon was able to contact Argotsinger at telephone number 266–1986 which was listed to Lehr; (5) and on the evening of the application Sergeant Shook set up surveillance at the rear of the apartment for an hour and saw two persons enter and then leave shortly thereafter.

The judge issued a warrant for a search of the apartment and a search of the persons of Argotsinger, Jess Lehr, and all persons on the premises during execution of the warrant.

Officers executed the warrant the same night and found a large quantity of drugs and related items in the apartment, including marijuana, cocaine, LSD, amphetamine, morphine, marijuana seed and stems, phenobarbital tabs, potted marijuana, scales, cigarette papers, pipes, syringes, needles, plastic bags, and cash. Defendant was away at the time, but in the room which the officers discovered was where he slept they found among other things approximately three pounds of marijuana and 145 "hits" of LSD. When defendant later returned to the apartment, the officers arrested him. They searched him completely at the police station and found $596.05 in cash on his person.

The county attorney charged defendant in two counts with possession of controlled substances with intent to deliver—the marijuana and LSD found in the room where defendant slept. A magistrate overruled defendant's pretrial motion to suppress, and the trial court overruled defendant's in-trial objections to the State's offer of the marijuana and LSD. The jury found defendant guilty and the trial court passed sentence. Defendant appealed.

I. Defendant contends the search warrant and the search conducted under it

were illegal, basically for two reasons. First, he says that from the information presented to the district judge, the warrant should have been limited to a search of Argotsinger and his part of the apartment. Under the circumstances here and the living arrangements of the four men in the apartment, we hold that the district judge properly issued a warrant for search of the apartment, for reasons elucidated in *United States v. Canestri*, 518 F.2d 269 (2nd Cir.); *People v. Gorg*, 157 Cal.App.2d 515, 321 P.2d 143; *Hemler v. Superior Court for County of Yuba*, 44 Cal.App.3d 430, 118 Cal.Rptr. 564; *People v. Garnett*, 6 Cal. App.3d 280, 85 Cal.Rptr. 769; and *People v. Bell*, 53 Ill.2d 122, 290 N.E.2d 214. See also *State v. Moehlis*, 250 N.W.2d 42 (Iowa).

■ Second, defendant says that in any event the information presented to the district judge did not justify issuance of a warrant to search defendant's person. As to this second reason we note initially that defendant's objections in the district court appear to be to the drugs and related items found in the room where he slept. He was not present when the room was searched; that the warrant also authorized search of his person appears to be immaterial so far as these items are concerned. We also note defendant's objection that the warrant was addressed to Jess Lehr rather than Jeff Lehr or Jeffery William Lehr, but under the record these names manifestly referred to the same man. In any event, on the merits of defendant's second reason, we hold that the information presented to the district judge justified his issuance of a search warrant of Lehr's person, largely on the rationale of the decisions we have already cited. We need not decide whether the officers, after their discoveries in the apartment, would have been justified in making a warrantless search of defendant.

We find no error here.

II. Defendant also contends that the trial court should have sustained his objection to a question posed by the prosecutor to a prosecution witness:

Q. Can you tell us, Captain, based on your experience, your involvement in drug enforcement in this area and your training, if it would be normal for a normal user to have 145 hits of LSD in his possession?

Mr. Long (trial defense counsel): First of all, this witness is not competent to testify [to] this, second, no foundation, third of all, he is invading the province of the jury.

The Court: The objection is overruled.

A. It would be unusual for a person or a user to have that amount of LSD.

The prosecutor asked further questions but defense counsel did not object.

The gist of defendant's contention in this court is that the question posed asked about a matter which was not a proper subject of expert testimony. We need not decide whether that objection would have been good; it was not made. *State v. Hines*, 223 N.W.2d 190 (Iowa); *State v. Horton*, 231 N.W.2d 36 (Iowa); *State v. Oppedal*, 232 N.W.2d 517 (Iowa); *State v. Nimmo*, 247 N.W.2d 228 (Iowa); *State v. Sheridan*, 247 N.W.2d 232 (Iowa). Hence we do not sustain this assignment of error.

We thus uphold the judgment and sentence.

AFFIRMED.