Opinion
FOSTER, J.
Defendant, Gloria E. Reed, appeals from a judgment of conviction in a nonjury trial of one count each of violating Penal Code section 597f (failure to provide animals with proper care and attention) and Los Angeles Municipal Code section 53.50 (maintaining a kennel without a license). She challenges the sufficiency of the evidence to support the judgment; rulings upon her pretrial motions to quash a search warrant and suppress evidence obtained pursuant to it; and the constitutionality of Penal Code section 597f.
At the trial the People called as witnesses Animal Regulation Officer Richard Felosky, a second animal regulation officer, a Los Angeles police officer, and a veterinarian, who testified concerning their observations of defendant’s home at the time of the execution of a search warrant. Twenty-two dogs, one cat and five horses were seized. Dogs were found in the garage and almost every room of the house. It was a hot day and the windows were closed. Dog feces nearly covered the floors. The house swarmed with flies and the stench from animal feces and urine was described as unbearable. The dogs were without food or water. In the corral, horses were maintained without separating the stallions from the mares or each other; they, too, lacked food and water. A veterinarian testified the conditions were unhealthful for the animals.
*Supp. 31 One contention on appeal is that the evidence is insufficient to support the judgment of conviction; supporting arguments are limited to statements that contradictions in the testimony of the People’s witnesses with that “given by others” are too numerous “to set forth,” that it “contradicts statements appearing in discovery documents,” and that it is “diametrically opposed” to statements of other witnesses called by the People or persons under their control.
“This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence .... The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; ...” (People v. Redmond (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) It is the trier of fact who has the duty of evaluating the credibility of the witnesses. (People v. Caudillo (1978) 21 Cal.3d 562, 571-572 [146 Cal.Rptr. 859, 580 P.2d 274].)
Appellant does not cite us to the parts of the transcript which she claims would support her contentions and gives us no specifics as to any alleged conflicts. We have examined the record and find it abundantly supports the judgment.
On May 23, 1977, a search warrant was issued. It described defendant’s property, and commanded search for and seizure of “horses, dogs, cats and paperwork showing ownership of the premises.” It was based on the affidavit of Officer Felosky relating his prior personal observations of the premises and information given to him by two citizen informants. According to the affidavit, on May 18, 1977, he received a complaint from Ms. Linda Wells, describing her observations upon several occasions when she visited defendant’s home. On her most recent visit, on March 8, 1977, she had counted 29 dogs and 20 cats on the premises, and also an unspecified number of horses in terribly poor physical condition. The dogs were kept in filthy, deplorable surroundings, crowded into cages and cupboards, with large amounts of feces and flies present.
On March 16, 1976, Officer Felosky had personally observed the condition of defendant’s premises. He found six horses without food and water and in a dehydrated condition. Eight dogs were confined to a garage in an unsanitary condition. One of two ducks was lying dead in the yard, without food or water having been provided for them.
*Supp. 32 A neighbor, Mrs. Janet Nesel, had observed defendant’s premises on a half-dozen occasions in March 1976, and again in November of that year, and had seen horses starving from lack of care, a dog drowning in a pool, and numerous dogs on the premises. The Felosky and Nesel observations had led to the filing of a criminal complaint against defendant in November 1976, charging three counts of violating Los Angeles Municipal Code section 53.50.
The Felosky affidavit attaches a letter from Ms. Wells, dated May 19, 1977, and signed on the following day. It relates a series of business dealings with defendant as well as visits to defendant’s home. On an initial visit in May 1976, she observed eight horses in deplorable condition—underfed, hooves badly in need of trimming, open and infected sores on their bodies. On March 3, 1977, she went to visit defendant and, upon arrival, was required to wait outside 10 or 15 minutes, while she heard voices saying “Quick! Hide this dog here! Hide that dog there!” At the end of March 1977, two puppies in a litter from Ms. Wells’ bitch in the possession of defendant had died. A veterinarian’s autopsy showed the cause of death was puppy septicemia, an infection caused by filth and neglect.
On April 23, 1977, Ms. Wells encountered defendant at a dog show. Although the statement was disputed by defendant’s veterinarian, she told Ms. Wells that the bitch currently was suffering from septicemia. Her last conversation with defendant was on May 2, 1977. The search warrant was issued and executed on May 24th.
Defendant has presented arguments concerning the validity of the search warrant under several headings. Two, under the headings “I. Was There Probable Cause for the Issuance of Search Warrant 7386-B” and “II. Was th Search Search Warrant Validl Issued” are difficult to follow but appear to relate to the sufficiency of the supporting affidavit to show probable cause to search and the specificity of the warrant for the items to be seized.
The test of sufficiency of the affidavit to show probable cause is whether the facts contained therein are such as would lead a man of ordinary caution or prudence to entertain a strong suspicion of the guilt of the accused. (Skelton v. Superior Court (1969) 1 Cal.3d 144, 150 [81 Cal.Rptr. 613, 460 P.2d 485].) In reviewing the sufficiency of the affidavit, “both the trial court and this court are bound by the magistrate’s appraisal of the evidence before him unless it is legally *Supp. 33 insufficient.” (People v. Superior Court (Marcil) (1972) 27 Cal.App.3d 404, 410 [103 Cal.Rptr. 874].) Although defendant points to evidence which she claims conflicts with allegations within the declaration of Felosky, the magistrate was free to reject such asserted conflicts. There was ample basis for him to entertain a strong suspicion that defendant was involved in a continuing course of conduct in which she engaged in a business of operating a kennel for the keeping of dogs and that she neglected to provide proper care and attention for them in that keeping.
Defendant also contends that the warrant was invalid in calling for the seizure of “horses, dogs, cats” without particularly describing them. Warrants should be construed in a common sense manner. (United States v. Ventresca (1965) 380 U S. 102, 108-109 [13 L.Ed.2d 684, 688-689, 85 S.Ct. 741].) In view of the nature of the suspected offenses, it was unnecessary to describe the animals more specifically. The condition of any animal as a result of inadequate care and attention satisfies the requirements of Penal Code section 597f. And simply the number of dogs on the premises is relevant to the offense of maintaining a kennel without a license.
Another argument is that the hearsay evidence of Ms. Wells was entitled to no weight because she was an untested informant. However, she was a citizen-informant, who is presumed to be reliable. (People v. Ramey (1976) 16 Cal.3d 263, 269 [127 Cal.Rptr. 629, 545 P.2d 1333].) A justification for this presumption is that a private citizen who furnishes information exposes himself to possible action for malicious prosecution if his accusations are proved groundless. (See People v. Hogan (1969) 71 Cal.2d 888, 890-891 [80 Cal.Rptr. 28, 457 P.2d 868].) Whether Ms. Wells should be disbelieved was a matter for the magistrate.
Defendant further contends that the information supplied by the affidavit was too stale to support issuance of a search warrant. “The freshness of the information on the basis of which a warrant is sought and obtained, is one of the factors which determine whether there is probable cause to believe that the articles covered by the warrant will be found at the place that is to be searched.” (People v. Hernandez (1974) 43 Cal.App.3d 581, 586 [118 Cal.Rptr. 53].) Whether the information is stale depends upon the facts of each case. (Hemler v. Superior Court (1975) 44 Cal.App.3d 430, 434 [118 Cal.Rptr. 564].)
*Supp. 34 In Hemler, a search warrant issued on the basis of information concerning a single sale of narcotics 34 days previously was held to be impermissibly stale. In that case the court made reference to an annotation appearing in 100 A.L.R.2d 525, collecting cases in which in similar circumstances issuance of a warrant was held to be based on information too stale. But as the annotation points out, where there is evidence of an activity continuing over a lengthy period of time (cf. People v. Dolgin (1953) 415 Ill. 434 [114 N.E.2d 389], United States v. Guinn (5th Cir. 1972) 454 F.2d 29, 36) or the nature of the activity is such as to justify the inference that it will continue until the time of the search (Andresen v. Maryland (1976) 427 U.S. 463, 478 [49 L.Ed.2d 627, 641, 96 S.Ct. 2737]; United States v. Sherman (10th Cir. 1978) 576 F.2d 292, 296) much longer periods between the gathering of information and application for a warrant have been held to be reasonable.
Here there was evidence of defendant’s apparent operation of a business involving the keeping and breeding of dogs for more than a year. It is the type of activity that requires some degree of permanence in its location and operation. As late as April 23, 1977, defendant was involved in the showing of dogs and on May 2d, she was discussing business with Ms. Wells concerning breeding. The supporting affidavit is not insufficient, as a matter of law, to support the inference drawn by the magistrate that the activity was continuing and a search warrant would produce evidence of it.
Defendant raises several points concerning the manner in which the search warrant was executed. One contention is that the warrant in directing the search of a motor home on the premises misdescribed it as a Winnebago model instead of a Pace Arrow. The warrant accurately stated its location on the premises, thus providing adequate identification despite giving the incorrect name of the manufacturer. (Cf. People v. Dumas (1973) 9 Cal.3d 871, 880-881 [109 Cal.Rptr. 304, 512 P.2d 1208].) Furthermore, the record does not show that any evidence was obtained as a result of that search.
Another contention is that materials were taken in the search that were not called for in the search warrant, that photographs were taken at the time of the search (defendant contends they were “abortively attempted to be used” in another criminal action), that investigators refused to reveal at the time of the search what they were taking, and that members of her family were detained outside the home while the search was in progress.
*Supp. 35 The materials seized beyond those specified in the search warrant are identified as items 25 through 30 on the return. These are described as a breed list of 32 dogs, a stud service contract, the pedigree of á specifically named dog, a photograph, and several pedigree papers and show books. These items all relate to at least one of the charges, unlawfully maintaining a kennel, and would appear also to be relevant to the issue of the number of dogs being maintained on the premises. It is, of course, proper for an officer executing a search warrant to seize items not enumerated in it if it is reasonably apparent that they constitute evidence of a crime. (People v. Blair (1979) 25 Cal.3d 640, 657 [159 Cal.Rptr. 818, 602 P.2d 738].) On the record before us, we cannot say that the trial judge hearing the Penal Code section 1538.5 motion erred in finding that the officers seizing those items reasonably believed they related to a crime and were not seized simply as part of an exploratory search.
Similarly, we find without merit defendant’s arguments relating to the manner of the search. Officers executing a search warrant have authority to secure the premises during the search to the degree necessary to effect it. We know of no authority requiring the officers to advise at the time of taking the items seized, so long as they follow statutorily prescribed methods of making a return on the search warrant, as was done here. And if any evidence was taken for use in another action, defendant has an adequate remedy of suppression in that action.
Finally, defendant contends that Penal Code section 597f is unconstitutional. For this contention she relies upon Carrera v. Bertaini (1976) 63 Cal.App.3d 721 [134 Cal.Rptr. 14].
That decision was concerned with the part of Penal Code section 597f which directs every peace officer, officer of the humane society, or officer of a pound or animal regulation department to impound animals deemed by the officer to be abandoned or neglected, with the costs of care of such impounded animal to be a lien against the animal. This portion of the statute was held to be unconstitutional in denying the owner either a prior or subsequent hearing on the justification for the seizure. The court pointed out that charges for such care could mount to substantial sums without affording the owner an opportunity to avoid such charges. The decision does not purport to rule upon the validity of the portion of the section which makes unlawful the keeping of animals without proper care and attention. The portion of Penal Code section 597f applicable to appellant’s conduct in the instant case has been held *Supp. 36 not to be unconstitutionally vague (People v. Untiedt (1974) 42 Cal. App.3d 550, 552-553 [116 Cal.Rptr. 899]) and constitutes a valid exercise of the police power. (Cf. Agricultural Labor Relations Board v. Superior Court (1976) 16 Cal.3d 392, 403 [128 Cal.Rptr. 183, 546 P.2d 687].)
The present case does not involve the impounding of animals pursuant to this section. All animals seized were taken pursuant to a search warrant. Moreover, although it is contested by defendant, there is some indication that all the animals were returned to defendant. In any event, these matters are outside the record before us.
The judgment is affirmed.
Fainer, P. J., and Bernstein, J., concurred.