OPINION OF THE COURT
John R. LaCava, J.
Defendant is charged by indictment with criminal possession of a weapon in the third degree (2 counts) and criminal possession of controlled substance in the fifth degree. This decision and order addresses that aspect of defendant’s omnibus motion seeking to controvert a search warrant and the novel issue raised in connection therewith.
*995 Defendant resides at apartment 5D of 151 Center Avenue, New Rochelle, New York, with his cousin Jose Escalara. They have separate bedrooms. On August 29, 1990 Police Officer Robert Gazzola arrested Escalara for several traffic infractions in connection with his operation of an automobile registered to defendant. A search incident to that arrest revealed numerous "zip lock” bags containing an aggregate of 15 grams of a white powder believed to be cocaine. Additionally, a bank receipt for a $40,996 cash deposit was recovered from his person as well as a current rent receipt for apartment 5D of 151 Center Avenue. Escalara stated that he resided at 151 Center Avenue with defendant. He represented, however, that he lived at apartment 5E and not 5D as the rent receipt indicated.
This information was conveyed by Officer Gazzola to Detective Calvin McGee who then applied for and was granted a warrant to search, inter alla, apartment 5D for "cocaine, drug paraphernalia, drug records and monies derived from the illegal possession and sale of drugs.” In his affidavit in support of the warrant, Detective McGee, among other things, incorporated the facts conveyed to him by Officer Gazzola. Upon execution of the warrant, the police recovered a handgun and ammunition clip from a dresser drawer in defendant’s room.
Defendant argues that the warrant is overbroad since it authorizes a general search of the entire apartment including his bedroom. Extensive research by the court reveals no reported New York case addressing the precise issue raised herein: whether a search warrant authorizing the search of the entire premises of a multiple-occupancy or community living dwelling is valid if it is predicated upon the illegal activities of less than all of the occupants.
Courts of other jurisdictions, both Federal and State, have, however, addressed this issue. In doing so they have distinguished multiple-zmii buildings or dwellings from multiple-occupancy or community living dwellings. The former relate to multiple individual living units; the latter, to situations "where several persons or families occupy the premises in common rather than individually, as where they share common living quarters but have separate bedrooms” (State v Alexander, 41 Wash App 152, 154-155, 704 P2d 618, 620). It is undisputed that it is the latter situation which is present here, more precisely, a sharing of a single unit with common living areas abutting separate bedrooms. It should be noted *996 that it is not averred that the bedrooms were not equally accessible to either cotenant.
"In the community living or multiple-occupancy situation, the courts [of other jurisdictions] have generally held that a 'warrant describing the entire [dwelling unit] so occupied is valid and will justify a search of the entire premises’ ” (State v Sheehan, 217 NJ Super 20, 29, 524 A2d 1265, 1269 [1987], quoting State v Alexander, supra, at 154-155, and citing State v Teague, 469 So 2d 1310 [Ala Crim App 1985]; Jackson v State, 129 Ga App 901, 201 SE2d 816 [1973]; State v Lehr, 258 NW2d 158 [Iowa Sup Ct 1977]; State v Hymer, 400 So 2d 637 [La Sup Ct 1981]; State v Lorenz, 368 NW2d 284 [Minn Sup Ct 1985]; State v Coatney, 44 Ore App 13, 18, 604 P2d 1269 [1980]; Poyner v Commonwealth, 229 Va 401, 329 SE2d 815 [1985], cert denied 474 US 865). In United States v Ayers (924 F2d 1468) the United States Court of Appeals, Ninth Circuit, upheld the search of the entire dwelling of a suspected drug trafficker, including his father’s bedroom. In so doing the court stated (at 1480): "[A] drug dealer’s narcotics and related paraphernalia is likely to be found in his residence * * * Furthermore, such contraband can be hidden in any portion of the residence. The most obvious place for the police to search would be the drug dealer’s bedroom. Therefore, any other portion of the house would be a more secure hiding place. Thus, the search of the entire premises * * * was not over-broad or unreasonable. See United States v. Alexander, 761 F.2d 1294, 1301 (9th Cir. 1985)”.
This court sees no State constitutional, statutory or other legal impediment to applying the principles adopted by some of the courts of our sister States and the Federal judiciary as set forth above. No law to the contrary has been submitted by defendant.
Accordingly, this court holds that a search warrant authorizing the search of an entire multiple-occupancy or community living unit, as distinguished from a multiple-unit dwelling, is not defective as overbroad merely because it is based upon the suspected illegal drug activities of less than all of its occupants where all occupants have unrestricted access to the entire premises. While the court notes that the mere designation "apartment” does not necessarily render the premises a single unit, there is no suggestion here that either occupant was physically or otherwise precluded from gaining access to all areas of the premises including each other’s bedrooms. *997 Finally, the court notes that the seizure of a gun while conducting a search for drugs and drug related items was proper under the circumstances (see, People v Basilicato, 64 NY2d 103, 115).
Based upon the foregoing, the motion is denied.
[Portions of opinion omitted for purposes of publication.]